445 A.2d 1279

**Christina LEONARD, a minor by Her Mother and Guardian, Sonja Leonard Meyers in Her own right, Appellants,**

**v.**

**ANDERSEN CORPORATION and Paul C. Newcomer and Suzan L. Newcomer.**

Superior Court of Pennsylvania.

Argued Feb. 23, 1982.

Filed May 21, 1982.

24

Marshall A. Bernstein, Philadelphia, for appellants.

Michael Hemsley, Philadelphia, for Andersen, appellee.

Richard A. Kraemer, Philadelphia, for Newcomer, appellee.

Before CAVANAUGH, McEWEN and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellants contend that the lower court erred in changing the venue of this action to the Court of Common Pleas of Bucks County. Because appellants have failed to perfect their appeal, we do not reach the merits of their contention and, instead, dismiss the appeal.

Appellants filed a complaint in trespass and assumpsit, alleging that the minor appellant was severely injured when she fell through a defective window screen manufactured by appellee Andersen Corporation and installed in an apartment leased from the individual appellees. Appellees filed

preliminary objections asserting that venue was improperly laid in Philadelphia County. On May 22, 1981, the lower court sustained the preliminary objections and transferred the case to the Bucks County forum. The order was entered and notice provided under Pa.R.Civ.P. 236(b) on June 2, 1981. Appellants then filed a petition for reconsideration, alleging that the lower court's action was premature because testimony from a May 28, 1981 deposition revealed that the corporate appellee was indeed transacting business in Philadelphia County. On July 8, 1981, thirty-six days after entry of the earlier order, the lower court, after oral argument, granted reconsideration but "reaffirmed" its earlier order transferring the case. That order, the rule 236 notice, and the pertinent notice of appeal were docketed on July 14, 1981.

Timeliness of an appeal is a jurisdictional matter which can be raised by the court *sua sponte*. *See, e.g., Penjerdel Refrigeration Corp. v. R. A. C. S., Inc.*, 296 Pa.Superior Ct. 62, 64, 442 A.2d 296, 297 (1981); *Commonwealth v. Gottshalk*, 276 Pa.Superior Ct. 102, 104, 419 A.2d 115, 116 (1980). In general, "the notice of appeal . . . [must] be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). "The date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b)." Pa.R.A.P. 108(b). The thirty day appeal period of rule 903 has been strictly construed. *See, e.g., Hesson v. Weinrebe*, 288 Pa.Superior Ct. 216, 218, 431 A.2d 1015, 1016 (1981). An appellate court "may not enlarge the time for filing a notice of appeal." Pa.R.A.P. 105(b). The mere filing of a petition for reconsideration does not toll the period in which an appeal may be perfected. *See, e.g., Penjerdel Refrigeration Corp. v. R. A. C. S., Inc., supra*, 296 Pa.Superior Ct. at 218, 442 A.2d at 297; *Scoumiou v. United States Steel Corp.*, 293 Pa.Superior Ct. 254, 257, 438 A.2d 981, 982–83 (1981). Absent a stay, the lower court must grant the petition for

reconsideration within the thirty day appeal period to toll the appeal period. *See, e.g., Hesson v. Weinrebe, supra; Fingles v. Green*, 269 Pa.Superior Ct. 131, 409 A.2d 99 (1979); *Strickler v. United Elevator Co.*, 257 Pa.Superior Ct. 542, 391 A.2d 614 (1978); *Provident National Bank v. Rooklin*, 250 Pa.Superior Ct. 194, 378 A.2d 893 (1977); *In re Kemmerer*, 46 Pa.Commonwealth Ct. 455, 405 A.2d 1108 (1979). If the lower court does not expressly grant reconsideration or enter an appropriate stay within the thirty day appeal period, its "power . . . to act on the application for reconsideration . . . is lost." Explanatory Note to Pa.R.A.P. 1701(b)(3). *See generally Provident National Bank v. Rooklin, supra*, 250 Pa.Super. at 201, 378 A.2d at 896 (Pa.R.A.P. 1701 contemplates concurrent reconsideration and appeal). Failure to follow established procedures for obtaining direct appellate review waives any objection for the purposes of collateral attack. *See, e.g., Washington v. Liberi*, 273 Pa.Superior Ct. 48, 49, 416 A.2d 1082, 1083 (1979), quoting *Strickler v. United Elevator Co., supra*, 257 Pa.Super. at 549, 391 A.2d at 618. "To hold otherwise would permit a party to employ dilatory tactics as a strategy." *Provident National Bank v. Rooklin, supra*, 250 Pa.Super. at 201, 378 A.2d at 896.

In *Scoumiou*, we quashed a similar appeal as untimely. The lower court entered an order on May 29, 1980, reactivating a case that had been terminated under a local court rule. On June 6, 1980, the defendant filed a petition for reconsideration and exceptions to that order. In November, 1980, the lower court *en banc* issued an opinion denying the exceptions and dismissing the petition. Defendant then filed an appeal "within thirty days of the dismissal order . . . but more than six months after the order . . . reactivat[ing] the case." 293 Pa.Superior Ct. at 256–57, 438 A.2d at 982. We reasoned that the reactivation order was an interlocutory order appealable as of right under Pa.R.A.P. 311(a)(1), that defendant "could have appealed . . . *immedi-*

*ately* upon its entry and within thirty days thereafter," and that the mere filing of the "petition for reconsideration in no way extended the appeal period." *Id.,* 293 Pa.Superior Ct. at 256, 438 A.2d at 982 (emphasis in original). Thus, our Court "conclude[d] that the 30-day appeal period began to run from the entry of the former order and had expired when the appeal to this Court was actually filed." *Id.,* 293 Pa.Superior Ct. at 257, 438 A.2d at 982. In this case, the order of May 22, 1981, transferring the action to Bucks County was an appealable interlocutory order under Pa.R. A.P. 311(c). Failure to obtain timely direct appellate review of such an order precludes any subsequent appellate review of it. Pa.R.A.P. 311(d)(1)(ii). Appellants did not seek a stay of that order nor did they perfect a timely direct appeal. Instead, they filed a petition for reconsideration, which was not granted until after the time for direct appeal had expired. The lower court's belated reconsideration and concurrent affirmation of the former order was a nullity. *Dukmen v. Dukmen,* 278 Pa.Superior Ct. 530, 532, 420 A.2d 667, 669 (1980). Consequently, we conclude, as we did in *Scoumiou,* that the appeal period began to run from the entry of the first appealable order and had already expired when the notice of appeal was filed. Accordingly, this appeal must be dismissed as improper because appellants should have appealed from or obtained a stay of the May 22, 1981 order sustaining the preliminary objections and transferring the action to Bucks County.*

Appeal dismissed.

* *Conaway v. 20th Century Corp.,* 491 Pa. 189, 420 A.2d 405 (1980), is distinguishable because the first order was held to be interlocutory and not appealable. *Id.,* 491 Pa. at 196, 420 A.2d at 409. Thus, "the denial of the petition for reconsideration, which effectively sustained the preliminary objections . . ., constituted the first final[, appealable] order." *Id.,* 278 Pa.Superior Ct. at 196, 420 A.2d at 409. Moreover, the Court emphasized that were the appeal dismissed as untimely, plaintiffs would be denied recovery, a blatantly unfair result. However, to dismiss this appeal as untimely does not deny appellants' claims; rather, it requires that their claim be adjudicated in a different forum.