636 A.2d 214

**Bonnie A. HAMMEL, Appellee,**

**v.**

**William G. HAMMEL, III, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 1, 1993.

Filed Jan. 10, 1994.

Jerry W. Wienand, Pittsburgh, for appellant.

Samuel J. Goldstein, Pittsburgh, for appellee.

Before POPOVICH, JOHNSON and CERCONE, JJ.

POPOVICH, Judge.

This case involves an appeal from the March 18, 1993, order of the Court of Common Pleas of Allegheny County granting a motion for judgment on the pleadings against the defendant/appellant, William G. Hammel, III. We quash in part and affirm in part.

Entry of judgment on the pleadings is permitted under Pa.R.C.P. 1034 which provides for such judgment after the pleadings are closed, but within such time as not to delay trial. A motion for judgment on the pleadings is similar to a demurrer. It may be entered where there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law. *In determining if there is a dispute as to facts, the court must confine its consideration to the pleadings and relevant documents.* The scope of review on an appeal from the grant of judgment on the pleadings is plenary. We must determine if the action of the court below was based on a clear error of law or whether there were facts disclosed by the pleadings which should properly go to the jury.

*Kosor v. Harleysville Mutual Insurance Co.*, 407 Pa.Super. 68, 595 A.2d 128, 129–30 (1991) (Citations omitted; emphasis added).

The record in the case discloses that in 1983, a verdict was rendered in favor of the plaintiff/Bonnie A. Hammel and against her then husband/appellant in the amount of $31,-000.00. The verdict was entered on the docket, but no appeal was perfected therefrom by the appellant.

The next activity in the record is a praecipe for a writ of revival filed by the plaintiff on November 16, 1992. The appellant responded with an "Answer" to the Writ, and, contemporaneously therewith, a petition for a rule to show cause why judgment should not be stricken or opened and for stay of proceedings was filed.

The allegations in the petition were incorporated in the answer to the writ, e.g., that the original judgment was defective on its face and, therefore, void and subject to being

stricken from the record. RR. 14a. Specifically, the appellant averred that the judgment was defective because he "was not ... a defendant [but a co-plaintiff] in the case [and] ... the attorney of record ... represented William G. Hammel, III, as a plaintiff throughout the case ... and not [as] a defendant." Paragraph 3, RR. 19a.

Also, it was asserted by the appellant that the judgment should be opened because counsel "did not adequately represent his interests ... because [counsel] had a true conflict of interest between [representing] Bonnie A. Hammel and William G. Hammel, as a consequence of which, [the appellant] was erroneously deemed to be an additional defendant, although there is nothing of record to show that he was ever joined as such....[1] *Id.* at 4, RR. 19a.

Alternatively, the appellant sought to open the judgment on the ground that it was "wholly satisfied as a result of a marriage settlement agreement entered between the parties at FD83–10092." *Id.* at 5, RR. 20a. While the rule to show cause was being decided, the appellant asked that all proceedings be held in abeyance pending resolution of the petition to open/strike.

The plaintiff responded to the rule to show cause by entering an answer denying all the allegations contained in the petition seeking a rule (Paragraphs 1–5). In reply to new matter, the appellant contended that he was not a defendant in the original lawsuit. Rather, he and the appellee were plaintiffs in a personal injury action. Paragraph 8, RR 40a.

The appellee/plaintiff challenged the appellant's use of a petition to open/strike given that the case did not deal with a confessed judgment. Hence, it was urged by the appellee, the court had no jurisdiction to disturb a judgment entered on a jury's verdict where there had been no appeal. Moreover, the plaintiff denied there was a marriage settlement agreement in which the judgment was satisfied, nor did the plaintiff ever

---

1. Our review of the record is contrary to the appellant's account, i.e., the court granted the original defendant's (Harley–Davidson's) petition for leave to join the appellant as an additional defendant nunc pro tunc by order dated January 14, 1982.

agree or consider having the judgment satisfied. Paragraph 11. The appellant's rule to show cause was denied on December 29, 1992.

Interestingly, the appellant's reply to new matter contained the "admission" that the petition to open/strike was improper under Pa.R.Civ.P. 2959, but he urged that Rules 3030 and 3031 contemplated an answer and defense to the writ of revival. Additionally, the appellant incorporated paragraphs 3–5 of his rule to show cause into his reply to new matter, e.g., that there was a marriage settlement agreement executed by the parties covering the $31,000.00 jury award.

On January 8, 1993, the plaintiff filed a motion for judgment on the pleadings alleging that a judgment was entered following a verdict rendered in her favor by a jury, and no confession of judgment prompted the verdict and award. Nor was the judgment defective on its face, so argued the plaintiff, to justify equitable relief in the form of an opening or striking of the judgment.

In opposing the plaintiff's motion, the appellant filed a brief in which he contended that, in paragraph 5 of his petition for rule to show cause, the plaintiff's judgment was "wholly" satisfied as a result of negotiations undertaken in connection with the parties' divorce which, allegedly, constituted a meritorious and permissible defense to the *scire facias* action. Therefore, contended the appellant, judgment in favor of the plaintiff was inappropriate.

The court granted the plaintiff's motion for judgment on the pleadings on the bases that the appellant's failure to appeal a previous order of another court, denying the appellant's Petition For Rule To Show Cause Why Judgment Should Not Be Stricken Or Opened And For Stay Of Proceedings wherein satisfaction of the judgment via a marriage settlement agreement was averred, constituted a "waive[r of] the arguments he sought to raise ... before the [court] as to the Appellant's defense to the motion for judgment in opposition of Plaintiff's Motion for Judgment on the Pleadings." RR. 136a. A petition for reconsideration was denied. This appeal followed and

raises several issues framed in one run-on sentence by the appellant; to-wit:

The questions involved in this appeal are:

1. Whether the court erred in granting Bonnie Hammel's Motion for Judgment on the Pleadings, in denying William Hammel's Petition for Rule to Show Cause Why Judgement Should Not Be Stricken or Opened and for Stay of Proceedings, in denying William Hammel the opportunity to make legal argument, in allowing Bonnie Hammel to raise for the first time at oral argument the issue of res judicata, in ruling that William Hammel was foreclosed by res judicata from litigating the issue of revival of the judgment, in failing to consider that the previous judge orally clarified his previous order, in failing to distinguish between he defenses available to support a motion to strike judgment, to open judgment or to answer a writ of revival, in denying William Hammel's Petition for Reconsideration of Order.

Appellant's Brief at 3.

The first issue to which we shall respond is the assignment of court error in denying the appellant's Petition For Rule To Show Cause Why Judgment Should Not Be Stricken Or Opened And For Stay Of Proceedings.

■ Procedurally, we would note that the petition filed by the appellant to open/strike judgment was not the correct method by which to challenge the judgment.[2] As conceded by

---

**2.** The more appropriate course would have been to file an affidavit of defense and allow the court to decide the issue of revival on that basis. As was stated by our Supreme Court on this point, which we recite here for clarification:

... any question as to liability on the note [which contained a warrant of attorney and judgment was confessed thereon] can be considered only on a rule to open the judgment. On a scire facias sur judgment no defense is available unless it arose subsequently to the entry of judgment, as, for example, payment. In so early a case as Cardesa v. Humes, 5 Serg. & R. 65, 68, it was said by Gibson, J.: "But I take the law to be, that in no case, nor under any circumstances, can the merits of the original judgment be inquired into for the purpose of furnishing a defence to a scire facias. Where a judgment has been obtained surreptitiously, it will be set aside on

the appellant, Pa.R.Civ.P. 2959 is reserved for those seeking "[r]elief from a judgment by confession...." Instantly, the judgment the appellant sought to open/strike was the product of a trial in which a jury rendered a verdict and award in favor of the appellee and against the appellant. No appeal was taken from that judgment. It was not until the appellee filed a writ of revival that the appellant submitted an "answer" thereto and the petition under scrutiny here to stay matters until a ruling on the petition could be made.

Although the petition to open/strike was denied, we have no insight as to the court's rationale for such a decision. This may be due in part to the appellant's failure to file an appeal from the court's December 29, 1992, order denying his petition and seeking now to have the propriety of its entry addressed on the heels and under the cloak of the grant and challenge of the appellee's motion for judgment on the pleadings. This we will not allow.

Under Pa.R.App.P. 311(a)(1), an appeal may be taken as of right from "[a]n order refusing to open, vacate or strike off a judgment." In other words, such an order would be considered "final" and subject to attack on appeal. See Note to Rule 311 (amended effective July 6, 1992). Conse-

> motion; and where it is suffered by confession or default, if there be a defence of which the party was ignorant, or which arose afterwards, the Court, to give him the advantage of it, will open the judgment. But in no other way can the equitable power of the Court be interposed. In this proceeding the defendant must deny the original judgment altogether, or shew it has been satisfied since it was rendered; for down to that point of time it is conclusive." A host of subsequent authorities have made this a familiar principle of the law.

First National Bank & Trust Co. v. Laubach, 333 Pa. 344, 5 A.2d 139, 141 (1939) (Footnote omitted).

Thus, one may not assail the original judgment sought to be revived. One is permitted, however, to proffer a defense of discharge or payment since the entry of judgment and no more will be allowed as a defense to a writ of revival. Yet, if a defendant wishes to test the validity of the judgment entered upon the former scire facias, he may do so upon a petition to open and the writ could be stayed in the meanwhile. Brusko v. Olshefski, 140 Pa.Super. 485, 13 A.2d 916, 917 (1940). Again, this challenge would be reserved for judgments secured by default or confession and not those obtained following a trial. Cf. Pa.R.Civ.P. 2959.

quently, the appellant's failure to perfect an appeal from the court's December 29, 1992, order denying his petition to open/strike judgment renders any attack of that order untimely and waived. See *Bell v. Beneficial Consumer Discount Co.,* 465 Pa. 225, 348 A.2d 734 (1975). Thus, to the extent the appellant seeks review of the December 29th order, see appellant's Brief at 24–25, we quash.

The next issue we will inquire into is the averment that the court erred in granting the appellee's motion for judgment on the pleadings. As recounted supra, the court refused to assess the merit of the appellant's challenge on the ground that:

By not appealing [the first court's December 29, 1992,] Order, Defendant waived the arguments he sought to raise ... before [this second court] in opposition to Plaintiff's Motion for Judgment on the Pleadings.

R.R. 196a.

In resolving the matter at hand, we first explore whether the doctrine of res judicata operates to bar the appellant's claim in opposition to the appellee's motion for judgment on the pleadings. As stated most recently by this Court:

A subsequent action is wholly barred if it shares with the earlier judgment a concurrence of four elements:

(1) an identity of the thing sued upon:

(2) an identity of the cause of action:

(3) an identity of the person and parties to the action; and

(4) an identity of the quality or capacity of the parties suing or sued.

*In re Estate of Hillegass;* 322 Pa.Super. 139, 144, 469 A.2d 221, 223 (1983) (citations omitted).

The fundamental principle upon which [res judicata] is based is that a court judgment should be conclusive as between the parties and their privies in respect to every fact which could properly have been considered in reaching the determination and in respect to all points of law

relating directly to the cause of action and affecting the subject matter before the court.

*Bearoff v. Bearoff Brothers, Inc.,* 458 Pa. 494, 498, 327 A.2d 72, 75 (1974). "The essential inquiry is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties had an opportunity to appear and assert their rights." *Township of Ohio v. Builders Enterprises, Inc.,* [2 Pa.Cmwlth. 39] 276 A.2d 556, 557 (1971). "When the cause of action in the first and second actions are distinct, or, even though related, are not so closely related that matters essential to recovery in the second action have been determined in the first action, the doctrine of *res judicata* does not apply." *Id.* at 42, 276 A.2d at 558. Further, the Court in *Haefele v. Davis,* 399 Pa. 504, 508, 160 A.2d 711, 713 (1960), citing *Wright v. Weber,* 17 Pa.Superior Ct. 451, 457 (1901), cautioned

The conclusive effect of a judicial decision cannot be extended by argument or implication to matters not actually heard and determined nor to collateral questions which arise but do not become part of the case ... [A] former judgment is not conclusive of anything which was not directly decided by it or was not material to the decision. Before such effect can be given to it in another suit, it should appear either from the record, or aliunde, that it must have rested on the precise question which it [is] sought again to agitate.

Id. 322 Pa.Super. at 144–45, 469 A.2d at 223–24.

*Morgan Guar. Trust Co. v. Staats,* 428 Pa.Super. 479, 631 A.2d 631, 633 (1993).

█ Instantly, the appellant raised in his answer to the appellee's writ of revival and his petition to open/strike judgment the defense that the amount claimed ($31,000.00 plus interest) had been satisfied by the terms of a marriage settlement agreement executed subsequent to the 1983 judg-

ment.[3] Nonetheless, the court by order of December 29, 1992, denied the petition to open/strike, rendering the matter final for appeal purposes and having ruled on the merits of the marriage-settlement-agreement-defense. This exact same defense, involving the same litigants and seeking to forestall the appellee's recoupment of monies due her originating from the 1983 judgment, was again challenged by the appellant. This time the confrontation came in the form of his opposition to the appellee's motion for judgment on the pleadings, whereby he averred that a genuine issue of material fact existed (dispute over the satisfaction of the 1983 judgment via the marriage settlement agreement) to preclude granting judgment on the pleadings.

This court articulated the policy underlying the doctrine of *res judicata* in *Staats*, supra, 428 Pa.Super. at 492, 631 A.2d at 638:

> the *res judicata* doctrine is a judicial creation aimed at preventing a multiplicity of suits. It protects a party from the vexation of having to defend itself against a claim for which a final judgment has already been entered. Furthermore, it serves the public interest by keeping the courts clear of disputes that have been decisively resolved. [Citations omitted]

Therefore, the doctrine of *res judicata* prevents a collateral attack by the appellant on the appellee's 1983 judgment, by which a writ of revival followed to extend the enforceability of the money judgment.

The appellant's defense (of marriage settlement agreement extinguishing 1983 judgment) had been ruled upon by the court per order of December, 1992, and the failure to assail the order on appeal thereafter is fatal on grounds of waiver and *res judicata*.

---

3. Our review of the marriage settlement agreement is anything but clear on what debts, liabilities or credits were satisfied under its terms.

Accordingly, for the reasons herein stated, we quash in part and affirm in part the order appealed.[4]

Order quashed in part and affirmed in part. Jurisdiction is not retained.

4. As for the remaining issues proffered by the appellant, we find that resolution of the two issues addressed dispenses with the need to discuss their meritlessness.

Further, we would observe, it was not improper for the (second) court to take judicial notice of the (first) court's December 29, 1992, order, especially since all parties brought the matter ruled upon by the first court to the attention of the second court and sought a clarification from the first court as to the scope of its December 29th order. Once this clarification was obtained, the second court entered its ruling granting the appellee's motion for judgment on the pleadings. This was proper. See *Woolard v. Burton*, 345 Pa.Super. 366, 498 A.2d 445 (1985).