OPINION BY
RANSOM, J.:
Appellant King Investment Group, LLC appeals from the March 28, 2016 order modifying the amount of confessed judgment from $145,347.12 to $143,347.12 pursuant to a judgment note arising out of an agreement of sale for commercial real estate. We quash the appeal as untimely.
The relevant facts and procedural history are as follows. In May 2011, Appellees conveyed property in Chester County to Appellant by deed for $625,000.00. Compl., 12/3/2015, ¶ 4. Appellees granted Appellant a $125,000 purchase money loan pursuant to the terms of a judgment note.[1] Under the terms of the note, Appellant was to make monthly payments over a five-year term to pay off the principal of $125,000, together with interest at a rate of three percent per annum. See Judgment Note, 5/19/2011.
Appellant breached its payment obligations under the note. Thus, in December 2015, Appellees filed a complaint to confess judgment against Appellant for principal, interest, and late charges. See Compl. at ¶¶ 16-21.[2] Appellant received written notice of rights related to the confessed judgment.
In January 2016, Appellant timely filed a petition to open and/or strike the confession of judgment and requested a stay of proceedings pursuant to Pa.R.Civ.P. 2959. Following hearings and additional briefing, the court denied Appellant’s petition and declined to stay the proceedings. See Order, 2/24/2016. The court also denied Appellant’s motion for reconsideration of its *463 petition. See Order, 3/16/2016. Appellant did not appeal the February 24, 2016 order.
In March 2016, Appellees filed a motion to modify the amount of confessed judgment. See Motion to Modify, 3/4/2016, ¶ 3. Appellees identified that the sum of $146,347.12, set forth on the original confession of judgment, failed to include Appellant’s payment of $2000.00 made in June 2012. See Motion to Modify at ¶2. Therefore, the court reduced the confession of judgment to accurately reflect the amount due. See Order, 3/28/2016.
On April 27, 2016, Appellant filed a notice of appeal from the March 28, 2016 order modifying the confession of judgment. Appellant filed a court-ordered Pa. R.A.P. 1925(b) statement, and the court issued a responsive opinion. See Trial Ct. Op., 6/15/2016. On appeal, Appellant raises the following issues, restated for clarity:
(1)Whether the trial court erred in failing to consider all of the defenses raised in Appellant’s petition to open, including set-offs from the amount owed such as:
a. Damages sustained based on Ap-pellees’ failure to undertake all of the promised renovations and repairs to the property pursuant to their agreement of sale;
b. Damages based on post-settlement rent owed by Appellee to Appellant;
c. Damages equal to the amount of interest that accrued after Appel-lee’s breach occurred on May 19, 2013, and court costs.
(2) Whether the court erred in denying Appellant’s motion for reconsideration.
(3) Whether the court erred in interpreting the caselaw applicable to this case when it found Appellant was estopped from asserting any claims for set-offs as a defense.
(4) Whether the court erred in concluding that an unliquidated set off claim does not support a claim for opening a confession of judgment.
(5) .Whether the court erred in denying Appellant’s motion to consolidate this case with a related case involving the same parties, No. 2015-02195 (Chester County C.C.P.).
See Appellant’s Br. at 4-5.[3]
Preliminary, we address Appellees’ renewed motion to dismiss.[4] Appellees contend that this appeal should be quashed as untimely because Appellant’s failure to perfect a timely appeal from the February 24, 2016 order, denying its petition to open, renders any attack of that order untimely and waived. See Appellees’ Br. at 1 (citing Pa.R.A.P. 903; Hammel v. Hammel, 431 Pa.Super. 230, 636 A.2d 214 (1994)).
Under Pa.R.A.P. 311(a)(1), an appeal from an interlocutory order refusing to open, vacate or strike off a judgment is deemed final and subject to attack on appeal without reference to Pa.R.A.P. 341(c). Hammel, 636 A.2d at 217; see Pa.R.A.P. 311 Note (“If an order falls under Pa. R.A.P. 311, an immediate appeal may be taken as of right simply by filing a notice of appeal. The procedures set forth in Pa. R.A.P. 341(c) and 1311 do not apply to an *464 appeal under Pa.R.A.P. 311.”)- The notice of appeal must “be filed within 30 days after the entry of the order from which the appeal is taken,” Pa.R.A.P. 903, and this Court “may not enlarge the time for filing a notice of appeal,” Pa.R.A.P, 105(b). Leonard v. Andersen Corp., 300 Pa.Super. 22, 445 A.2d 1279, 1280-1281 (1982) (holding that the appeal period under Pa.R.A.P. 311 begins to run from the entry of the interlocutory order appealable as of right). Failure to timely appeal from an order denying a petition to open, vacate, or strike off a judgment “renders any attack of that order untimely and waived.” Hammel, 636 A.2d at 217 (citing Bell v. Beneficial Consumer Discount Co., 465 Pa. 225, 348 A.2d 734 (1975)).
Here, the order denying Appellant’s petition to open and/or strike was entered on February 24, 2016. The appeal period expired on March 25, 2016. However, Appellant did not file a notice of appeal from that order until some 64 days later on April 27, 2016. Thus, Appellant’s appeal is not timely.[5] See Leonard, 445 A.2d at 1281; Pa.R.A.P. 903.
Nevertheless, Appellant contends that its appeal should be deemed timely because the court’s March 28, 2016 order modifying the confessed judgment ampunt was a final, appealable order that “superseded” the earlier, interlocutory order denying the petition to open and/or strike. See Appellant’s Response in Opposition to Appellee’s Application to Dismiss Appeal, 7/8/2016, at 3. We disagree.
Appellees correctly observe that the March 28, 2016 order, modifying the judgment amount nunc pro tunc, is one that may be entered without striking the judgment. Appellees’ Br. at 2 (citing Dime Bank v. Peter Andrews, 115 A.3d 358, 364 (Pa. Super. 2015) (“Moreover, if any defect disclosed by the record ‘is one that can be remedied by an amendment of the record or other action, nunc pro tunc, the judgment should not be stricken off.’ ”) (quoting George H. Althof, Inc. v. Spartan Inns of Amer., Inc., 295 Pa.Super. 287, 441 A.2d 1236, 1237 (1982)).
It has always been held that formal defects, mistakes and omissions in confessions of judgment may be corrected by amendment where the cause of the action is not changed, where the ends of justice require the allowance of such amendment, and where the. substantive rights of defendant or of any third persons will not be prejudiced thereby.
Dime Bank, 115 A.3d at 365 (quoting West Penn Sand & Gravel Co. v. Shippingport Sand Co., 367 Pa. 218, 80 A.2d 84, 86 (1951)). “[I]f the judgment as entered is for items clearly within the judg-ement note, but excessive in amount, the court will modify the judgment and cause a *465 proper judgment to be entered.” Dollar Bank, Fed. Sav. Bank v. Northwood Cheese Co., Inc., 431 Pa.Super. 541, 637 A.2d 309, 313 (1994), appeal denied, 539 Pa. 692, 653 A.2d 1231 (1994) (citation omitted).
Here, the confessed judgment note clearly authorizes Appellees to recover the amount of principal and properly calculated interest thereon. See Dollar Bank, 637 A.2d at 314. The modification order did not dispose of any “claims” between the parties to render it appealable pursuant to Pa.R.A.P. 341(b)(1), nor render the earlier interlocutory order, which was appealable under Rule 311, final. It follows that such a corrective order modifying the judgment amount, which does not dispose of any actual claims, change the cause of action, alter Appellant’s substantive rights, prejudice any party, or annul the original judgment, is not a final order appealable as of right under Pa.R.A.P, 341. See Dime Bank, 115 A.3d at 365; Leonard, 445 A.2d at 1281. Accordingly, the order modifying the amount of confessed judgment is not appealable.
As discussed above, Appellant’s failure to timely appeal from the motion denying its petition to open and/or strike renders all of the issues asserted waived. We also reject Appellant’s argument that the court’s order granting Appellees’ motion to modify the amount of judgment was a final, appealable order. In light of Appellant’s failure to perfect a timely appeal from the trial court’s February 24, 2016 order, we lack jurisdiction. Appellees’ motion to quash is granted.
Appeal quashed. Jurisdiction relinquished.

. The note was personally guaranteed by Appellant’s members, Peter, Hristos, and Anita Papadopoulos and recorded as a second mortgage on the property. See Compl. at ¶ 7.

. In February 2015, Appellant commenced a separate action, successfully claiming that Appellees failed to comply with terms of the agreement of sale. An appeal is pending. See Blackburn v. King Investment Grp., Peter Papadopoulos et al., 2409 EDA 2016, 2017 WL 2874054 (Pa. Super. 2017).

. Appellant’s related issues numbered four and five are combined in (4) above. Appellant’s sixth issue is now (5) above.

. Appellees filed a motion to dismiss the appeal as untimely. See Appellees’ Motion to Dismiss, 6/23/2016. This Court denied the motion without prejudice to Appellees’ right to raise the issue before the merits panel. See Superior Court Order, 8/10/2016.

. In its brief, Appellant purports' to appeal ' from the denial of its motion for reconsideration. See Appellant’s Br. at 10. Appellant is incorrect. An order denying a motion for reconsideration is not appealable. Huntington Nat. Bank v. K-Cor, Inc., 107 A.3d 783, 787 (Pa. Super. 2014)'(" ‘Pennsylvania case law is absolutely clear that the refusal of a trial court to reconsider, rehear, or permit reargument of a final decree is not reviewable- on appeal.’ ”) (quoting Provident Nat’l Bank v. Rooldin, 250 Pa.Super. 194, 378 A.2d 893, 897 (1977)). Moreover, filing a motion for reconsideration neither extends, nor tolls the appeal statute absent a stay of the judicial proceedings. Cheathem v. Temple Univ. Hosp., 743 A.2d 518, 520 (Pa. Super. 1999); Leonard, 445 A.2d at 1281. " ‘To hold otherwise would permit a party to employ dilatory tactics as a strategy.’ ” Leonard, 445 A.2d at 1281 (quoting Provident Nat’l Bank, 378 A.2d at 897). Here, the trial court denied Appellant's request for a stay of judicial proceedings. Accordingly, the appeal period expired on March 25, 2016, thirty days from the prior, interlocutory order denying the motion to open and/or strike. Cheathem, 743 A.2d at 520; Provident Nat’l Bank, 378 A.2d at 894.