J-E01004-24

2024 PA Super 140

| | | |
|---|---|---|
| DELAWARE VALLEY LANDSCAPE STONE, INC., ITS ASSIGNEES AND NOMINEES | : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| RRQ, LLC, ALLAN J. NOWICKI AND THE ALLAN J. NOWICKI AND DIANNE M. NOWICKI FAMILY TRUST | : : : : : | No. 2103 EDA 2021 |
| APPEAL OF: THE ALLAN J. NOWICKI AND DIANNE M. NOWICKI FAMILY TRUST | : : : : | |

Appeal from the Judgment Entered October 8, 2021
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2020-04002

BEFORE:  LAZARUS, P.J., BOWES, J., STABILE, J., DUBOW, J., KUNSELMAN, J., NICHOLS, J., KING, J., SULLIVAN, J., and LANE, J.

OPINION BY NICHOLS, J.:                    **FILED JULY 8, 2024**

Appellant, The Allan J. Nowicki and Dianne M. Nowicki Family Trust (Nowicki Family Trust),[1] appeals from the judgment entered in this quiet title action in favor of Appellee, Delaware Valley Landscape Stone, Inc., which canceled a deed that Appellant recorded.  Appellant argues that its appeal is timely filed, that the trial court erred in denying Appellant's petition to strike

_____

[1] The Nowicki Family Trust is the sole appellant in this matter because co-defendants Allan J. Nowicki and RRQ, LLC did not appeal from the October 8, 2021 judgment.

the default judgment, and that the trial court's order entering final judgment in favor of Appellee does not comply with the Rules of Civil Procedure. We reverse the trial court's order, strike the judgment, and remand for further proceedings.

The underlying facts of this case are well known to the parties. *See* Trial Ct. Op., 12/9/21, at 1-5. Briefly, on May 20, 2020, Appellant recorded a deed purporting to convey title to the subsurface rights in and under a parcel of real property (the Property) from co-defendant RRQ, LLC to Appellant Nowicki Family Trust. On June 12, 2020, Appellee purchased the Property at a sheriff's sale. Subsequently on August 11, 2020, Appellee filed a complaint to quiet title naming Appellant, RRQ, LLC, and Allan J. Nowicki (collectively, Defendants) as defendants.[2] Therein, Appellee requested, among other things, that the trial court declare Defendants are barred from asserting any right, lien, title or interest in the Property and direct the Office of the Recorder of Deeds of Bucks County to cancel the May 20, 2020 deed. *See* Compl., 8/11/20, at 1-4, R.R. at 6a-9a.[3]

Appellee attempted to effectuate service on Appellant via the sheriff. *See* Sheriff's Return of Service, 9/23/20; Sheriff's Return of Service, 9/1/20.

---

[2] In addition to being sued in his personal capacity, co-defendant Allan J. Nowicki is also the sole member of co-defendant RRQ, LLC and a co-trustee of Appellant, Nowicki Family Trust. Appellant's other co-trustee, Dianne M. Nowicki, was not named personally as a defendant in this case.

[3] We may cite to the reproduced record for the parties' convenience.

Appellant subsequently filed affidavits of service indicating that a process server personally served Defendants with copies of the complaint on January 4, 2021. *See* Affs. of Service, 1/9/21, R.R. at 21a-23a.

Appellee obtained a default judgment against Defendants on February 11, 2021. On February 22, 2021, Allan J. Nowicki filed a *pro se* petition to strike/open the default judgment on behalf of all Defendants.[4] *See* R.R. at 30a-90a. The trial court denied that petition on August 17, 2021.[5] *See* R.R. at 227a. Appellee then filed a motion for entry of final judgment. *See* R.R. at 237a-43a. On October 8, 2021, the trial court entered final judgment in favor of Appellee, barring Defendants from asserting any interest in the Property, and directing the Recorder of Deeds to cancel the May 20, 2020 deed. *See* R.R. at 259a.

Allan J. Nowicki and Dianne M. Nowicki (collectively, the Trustees) subsequently filed a timely *pro se* notice of appeal on behalf of Appellant

---

[4] Specifically, Allan J. Nowicki began his petition to strike/open default judgments as follows: "and now, Allan J. Nowicki, sole-member of RRQ, LLC, co-trustee of the . . . Nowicki Family Trust[,] and Allan J. Nowicki personally files Defendants['] petition to strike/open default judgments entered against them on February 11, 2021 . . . ." R.R. at 32a (formatting altered).

[5] The trial court's order is dated August 16, 2021, but was served on the parties on August 17, 2021. *See* Pa.R.A.P. 108(a)(1) (providing that the date of entry of an order is the day the clerk of court mails or delivers copies of the order to the parties); *see also* Pa.R.C.P. 236.

Nowicki Family Trust in their capacity as its trustees.[6] The Trustees also filed a *pro se* court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued an opinion addressing the Trustees' claims.

On appeal, a three-judge panel of this Court held that the Trustees could not represent Appellant Nowicki Family Trust *pro se,* struck the Trustees' brief filed on behalf of Appellant, and directed Appellant to retain counsel. ***See Delaware Valley Landscape Stone v. RRQ, LLC***, 284 A.3d 459, 465 (Pa. Super. 2022). Counsel subsequently entered an appearance on behalf of Appellant and filed a new appellate brief.[7]

On March 3, 2023, the same three-judge panel issued a memorandum decision affirming the judgment in favor of Appellee. ***See Delaware Valley Landscape Stone v. RRQ, LLC***, 2103 EDA 2021, 2023 WL 2706705 (Pa. Super. filed Mar. 3, 2023) (unpublished mem). Specifically, the panel, relying on precedential decisions of this Court, concluded that Appellant's appeal was untimely with respect to the trial court's August 17, 2021 order denying Appellant's petition to strike the default judgment. ***See id.*** Appellant subsequently filed a timely application for reargument *en banc*, which we

---

[6] As noted previously, neither co-defendant RRQ, LLC nor co-defendant Allan J. Nowicki, in his personal capacity, appealed from the October 8, 2021 judgment.

[7] On February 22, 2023, Appellee filed a letter indicating that it did not intend to file a new brief, and instead would rely on its previously filed brief.

granted. Accordingly, this Court withdrew the panel's March 3, 2023 memorandum decision.

Appellant raises the following issues for our review:

1. Is an appeal timely filed when it is filed within thirty (30) days of the entry of the final judgment[] or does Pa.R.A.P. 311(a) **require** that it be filed within thirty (30) days of the [trial] court's refusal to strike/open a default judgment?

2. In a quiet title action, wherein a plaintiff seeks relief pursuant to Pa.R.C.P. 1061(b), is it permissible for a plaintiff to personally serve a defendant by a competent adult, or is a plaintiff required to serve a defendant via sheriff's service?

3. Does the [trial] court's failure to follow the requirements of Pa.R.C.P. 1066 in fashioning its final judgment render it a legal nullity?

Appellant's Substituted Brief at 3 (emphasis in original).

**Timeliness of the Appeal**

In its first issue, Appellant argues that the instant appeal is timely with respect to the August 17, 2021 order denying Appellant's petition to strike and/or open the default judgment. *Id.* at 7-15. Specifically, Appellant claims that although Pa.R.A.P. 311(a)(1) allows a litigant to take an immediate interlocutory appeal from an order refusing to open or strike off a judgment, the Rule "is permissive and does not mandate a party to immediately appeal the interlocutory order." *Id.* at 10. Appellant contends "[t]he word 'may' does not require strict adherence or action, as opposed to the word 'shall' which demands certain actions be taken." *Id.* Appellant further notes that Rule 311 provides that a party's "failure to file an appeal of an interlocutory

order does not waive any objections to the interlocutory order." ***Id.*** at 11 (quoting Pa.R.A.P. 311(g)). Appellant concludes that this Court should apply the "plain an[d] unambiguous language" of Rule 311 and hold that Appellant was not required to immediately appeal the order denying its petition to strike and/or open the default judgment and this appeal was timely filed. ***Id.*** at 15.

"It is well-established that timeliness is jurisdictional, as an untimely appeal divests this Court of jurisdiction to hear the merits of the case." ***Affordable Outdoor, LLC v. Tri-Outdoor, Inc.***, 210 A.3d 270, 274 (Pa. Super. 2019) (citation and quotation marks omitted). "The timeliness of an appeal is a question of law. Accordingly, our scope of review is plenary and our standard of review is *de novo*." ***Day v. Civil Serv. Comm'n of Borough of Carlisle***, 931 A.2d 646, 650 (Pa. 2007) (citations omitted).

Rule of Appellate Procedure 903 states, in relevant part, "[e]xcept as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a).

Rule of Appellate Procedure 311 provides, in relevant part:

**(a) General Rule.**—An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from the following types of orders:

**(1) Affecting Judgments.**—An order refusing to open, vacate, or strike off a judgment. If orders opening, vacating, or striking off a judgment are sought in the alternative, no appeal may be filed until the court has disposed of each claim for relief.

\* \* \*

**(g) Waiver of Objections.**

(1) Except as provided in subdivision (g)(1), **failure to file an appeal of an interlocutory order does not waive any objections to the interlocutory order**:

(i) RESCINDED.

(ii) Failure to file an appeal from an interlocutory order under subdivision (b)(1) or subdivision (c) of this rule shall constitute a waiver of all objections to jurisdiction over the person or over the property involved or to venue, etc., and the question of jurisdiction or venue shall not be considered on any subsequent appeal.

(iii) Failure to file an appeal from an interlocutory order under subdivision (e) of this rule shall constitute a waiver of all objections to such an order.

(iv) Failure to file an appeal from an interlocutory order refusing to compel arbitration, appealable under 42 Pa.C.S. § 7320(a)(1) and subdivision (a)(8) of this rule, shall constitute a waiver of all objections to such an order.

Pa.R.A.P. 311(a)(1), (g)(1)(i)-(iv) (emphasis added).

Additionally, "an appeal may be taken as of right from any final order of a . . . trial court." Pa.R.A.P. 341(a). Further, the Comment to Rule 311 states that "[t]he appeal rights under this rule and under Pa.R.A.P. 312, Pa.R.A.P. 313, Pa.R.A.P. 341, and Pa.R.A.P. 342 are cumulative, and no inference shall be drawn from the fact that two or more rules may be applicable to an appeal from a given order." Pa.R.A.P. 311, Cmt.

The thirty-day appeal period for an interlocutory order that is immediately appealable under Pa.R.A.P. 311(a) begins to run from the date of entry of that order, unless the trial court expressly and timely grants reconsideration of that order. *See Leonard v. Andersen Corp.*, 445 A.2d

1279, 1281 (Pa. Super. 1982). In **Leonard**, the trial court entered an order transferring the case from Philadelphia to Bucks County. **Id.** at 1280. An order directing a change of venue in a civil matter is an interlocutory order immediately appealable as of right. Pa.R.A.P. 311(c). The plaintiffs filed a timely motion for reconsideration, but the trial court did not act on that motion within the thirty-day appeal period. **Leonard**, 445 A.2d at 1280. The plaintiffs subsequently filed a notice of appeal more than thirty days after the entry of the order changing venue. **Id.** The **Leonard** Court held that because the trial court did not expressly grant reconsideration within the thirty-day appeal period, its subsequent order was a nullity and did not toll the appeal period. **Id.** at 1281. This Court further explained that under Rule 311, the plaintiffs' failure to take a timely interlocutory appeal from the order changing venue "preclude[d] any subsequent appellate review of it[]" and dismissed the appeal as untimely. **Id.** (citing then-Pa.R.A.P. 311(d)(1)(ii)).[8]

In **Hammel v. Hammel**, 636 A.2d 214 (Pa. Super. 1994), the defendant appealed from the order granting the plaintiff's motion for judgment on the pleadings. **Hammel**, 636 A.2d at 216. On appeal, the defendant also argued that the trial court erred by denying his petition to open/strike a confessed judgment. **Id.** at 216-17. This Court quashed the appeal with

_____

[8] At the time **Leonard** was decided, Pa.R.A.P. 311(d)(1)(ii) provided that the failure to take an immediate interlocutory appeal from an order changing venue waived any objections to that order on a subsequent appeal. **See Leonard**, 445 A.2d at 1281. That provision is now found at Pa.R.A.P. 311(g)(1)(ii).

respect to the trial court's order denying the petition to open/strike the confessed judgment. *Id.* at 217. The **Hammel** Court explained:

> Under Pa.R.App.P. 311(a)(1), an appeal may be taken as of right from "[a]n order refusing to open, vacate or strike off a judgment." In other words, such an order would be considered "final" and subject to attack on appeal. *See* Note to Rule 311 (amended effective July 6, 1992). Consequently, the [defendant's] failure to perfect an appeal from the court's December 29, 1992, order denying his petition to open/strike judgment renders any attack of that order untimely and waived. *See Bell v. Beneficial Consumer Discount Co.*, 348 A.2d 734 (Pa. 1975).

*Id.*

The **Hammel** Court did not cite **Leonard** to support its conclusion that the defendant's appeal from a final order was untimely with respect to a prior order from which the defendant could have taken an interlocutory appeal as of right. *See id.* Our Supreme Court decided **Bell** before the Rules of Appellate Procedure went into effect on July 1, 1976. **See** Pa.R.A.P. 101, 311. Instead, the **Bell** Court analyzed Section 501 of the former Appellate Court Jurisdiction Act of 1970, 17 P.S. § 211.501, to determine "whether orders denying class action status are 'final'" appealable orders within the meaning of that statute. **Bell**, 348 A.2d at 735. The **Bell** Court did not address whether an appeal from a final order was untimely with respect to an earlier, interlocutory order which was appealable as of right.

Subsequently, this Court applied **Leonard** and **Hammel** to appeals from a subsequent order or judgment where the appellant did not take an immediate interlocutory appeal from order refusing to open, vacate, or strike

off a judgment. ***See, e.g.***, ***Blackburn v. King Inv. Grp., LLC***, 162 A.3d 461, 463-64 (Pa. Super. 2017). In ***Blackburn***, the trial court denied the defendant's petition to open and/or strike the confession of judgment. ***Blackburn***, 162 A.3d at 462. Thereafter, the defendant filed a notice of appeal after the trial court modified the judgment amount. ***Id.*** at 463. On appeal, the defendant argued that the trial court erred in denying the petition to open the confession of judgment. ***Id.*** The ***Blackburn*** Court quashed the appeal, explaining that "the appeal period under Pa.R.A.P. 311 begins to run from the entry of the interlocutory order appealable as of right". ***Id.*** at 464 (citing ***Leonard***, 445 A.2d at 1280-81). This Court also stated that the "[f]ailure to timely appeal from an order denying a petition to open, vacate, or strike off a judgment renders any attack of that order untimely and waived." ***Id.*** (citing ***Hammel***, 636 A.2d at 217; ***Bell***, 348 A.2d 734) (quotation marks omitted); ***see also Porter v. Nikita Lodging, Inc.***, 274 A.3d 1272, 1280-81 (Pa. Super. 2022) (applying ***Blackburn*** and ***Hammel*** to conclude that where the defendants appealed from an order imposing sanctions, this Court lacked jurisdiction to consider the defendants' issues relating to an earlier injunction because the defendants did not take a timely appeal from the injunction).

The plain language of Rule 311 indicates that a party **may**, but is **not required** to, file an interlocutory appeal as of right from an order denying a petition to strike and/or open a judgment. **See** Pa.R.A.P. 311(a)(1). Except for the types of orders specifically enumerated in Pa.R.A.P. 311(g)(1)(ii)-(iv),

- 10 -

a party who chooses not to file an immediate interlocutory appeal as of right does **not** waive any of their issues relating to that interlocutory order in a subsequent appeal. ***See*** Pa.R.A.P. 311(g)(1). An order refusing to open, vacate, or strike off a judgment is not one of the types of orders included in Pa.R.A.P. 311(g)(1)(ii)-(iv). Therefore, a party may wait until a final judgment is entered before seeking appellate review of an order refusing to open, vacate, or strike off a judgment. ***See*** Pa.R.A.P. 311, Cmt. (explaining the appellate rights under Rules 311 and 341, among other rules, are cumulative).

We reiterate that Rule 311 specifically provides that the failure to take an immediate interlocutory appeal from an order changing venue precludes appellate review of that order in an appeal from a subsequent order or judgment. ***See*** Pa.R.A.P. 311(g)(1)(ii). Therefore, because ***Leonard*** involved an order changing venue, not an order denying a petition to strike and/or open a judgment, the ***Blackburn*** Court erred in relying on ***Leonard*** to conclude that the failure to take an immediate interlocutory appeal from an order refusing to open, vacate, or strike off a judgment rendered the appeal untimely. ***Compare Blackburn***, 162 A.3d at 464; ***with Leonard***, 445 A.2d at 1280-81.

Further, the ***Hammel*** Court erred in relying on ***Bell***, a case that predated the adoption of the Rules of Appellate Procedure and did not discuss appellate review of interlocutory orders where the appellant has appealed from a subsequent order or judgment, to conclude that the appeal was

untimely with respect to the order denying his petition to open/strike the confessed judgment. **Compare Hammel**, 636 A.2d at 216-17 with **Bell**, 348 A.2d at 735-39.

For these reasons, we conclude that **Hammel**, **Blackburn**, and their progeny must be overruled to the extent that they are inconsistent with the plain language of Pa.R.A.P. 311(a)(1) and (g)(1).[9]

Here, the trial court denied Appellant's petition to strike/open the default judgment on August 17, 2021 on the basis that Appellant did not file a notice of appeal within thirty days of that date. Subsequently, on October 8, 2021, the trial court entered final judgment in favor of Appellee and canceled Appellant's deed. Appellant filed a timely notice of appeal from that final judgment.

---

[9] We emphasize that our decision does not affect Rule 903's requirement that a notice of appeal must be filed within thirty days of the entry of the order being appealed. **See** Pa.R.A.P. 903(a). Therefore, if a party wishes to take an interlocutory appealable as of right, the party must file a notice of appeal within thirty days of the entry of that interlocutory order. **See, e.g.**, **Jacobs v. Stephens**, 204 A.3d 402, 409 n.1 (Pa. Super. 2019); **Leonard**, 445 A.2d at 1281. Otherwise, a party must file a notice of appeal within thirty days of the entry of a final order or judgment. **See, e.g.**, **K.H. v. J.R.**, 826 A.2d 863, 871 (Pa. 2003) (explaining that "in the context of a single action, a notice of appeal filed from the entry of judgment will be viewed as drawing into question any prior non-final orders that produced the judgment" (citation omitted)); Pa.R.A.P. 341, Cmt. (stating that "[a] party needs to file only a single notice of appeal to secure review of prior non-final orders that are made final by the entry of a final order. Where, however, one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed" (citations omitted)).

Applying the plain language of Pa.R.A.P. 311(a)(1) and (g)(1), we conclude that Appellant's decision not to take an immediate interlocutory appeal from the August 17, 2021 order and to defer seeking appellate review until after the entry of a final judgment did not waive Appellant's issues and that the instant appeal is timely with respect to the August 17, 2021 order. We now address Appellant's substantive claims.

**Petition to Strike the Default Judgment**

Appellant argues that the trial court erred by denying its petition to strike the default judgment because Appellee failed to properly serve Appellant with the complaint. Appellant's Substituted Brief at 15-25. Appellant claims that service was defective because Appellee utilized a process server to serve Appellant with the complaint instead of the sheriff as required by Pa.R.C.P. 400(a). *Id.* at 17-20, 25. Appellant contends that the trial court erred by concluding Appellee properly served Appellant pursuant Pa.R.C.P. 400(b)(1), which permits personal service by any competent adult. *Id.* at 20-24. Specifically, Appellant argues that Rule 400(b)(1) is not applicable to this matter because Rule 400(b)(1) governs service of process in matters involving a request for injunctive relief and Appellee's complaint did not include any such claim. *Id.* Therefore, Appellant concludes that the trial court erred by denying Appellant's petition to strike and/or open the default judgment because Appellee failed to serve Appellant with the complaint via sheriff as required under Rule of Civil Procedure 400(a). *Id.* at 25.

Appellee responds that service was proper pursuant to Pa.R.C.P. 400(b)(1). Appellee's Brief at 8-12. Appellee asserts that Rule 400(b)(1) is applicable here because Appellee's complaint included a request for injunctive relief. *Id.* at 10. Specifically, Appellee refers to paragraph three of the prayer for relief, which requested that the trial court direct the Recorder of Deeds to cancel the deed that Appellant recorded. *Id.*

Our standard of review regarding the denial of a petition to strike a default judgment is as follows:

> An appeal regarding a petition to strike a default judgment implicates the Pennsylvania Rules of Civil Procedure. Issues regarding the operation of procedural rules of court present us with questions of law. Therefore, our standard of review is *de novo* and our scope of review is plenary.
>
> A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record. A petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief. A fatal defect on the face of the record denies the prothonotary the authority to enter judgment. When a prothonotary enters judgment without authority, that judgment is void *ab initio*. When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a default judgment, a court may only look at what was in the record when the judgment was entered.
>
> A judgment is void on its face if one or more of three jurisdictional elements is found absent: jurisdiction of the parties; subject matter jurisdiction; or the power or authority to render the particular judgment. The term "jurisdiction" relates to the competency of the individual court, administrative body, or other tribunal to determine controversies of the general class to which a particular case belongs. Moreover, it is never too late to attack

- 14 -

a judgment or decree for want of jurisdiction, as any such judgment or decree rendered by a court which lacks jurisdiction of the subject matter or the person is null and void, and can be attacked by the parties at any time. A petition to strike a judgment founded on a jurisdictional deficiency is therefore not subject to the same "timeliness" considerations as a petition to open the judgment.

*Green Acres Rehab. and Nursing Ctr. v. Sullivan*, 113 A.3d 1261, 1267-68 (Pa. Super. 2015) (*Green Acres*) (citations omitted and formatting altered); *see also Vogt v. Liberty Mut. Fire Ins. Co.*, 900 A.2d 912, 916 (Pa. Super. 2006) (explaining that "a judgment is properly stricken where the record indicates a fatal flaw such as defective service" (citation omitted)).

It is well established that

Service of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly followed. Without valid service, a court lacks personal jurisdiction of a defendant and is powerless to enter judgment against him or her. Thus, improper service is not merely a procedural defect that can be ignored when a defendant subsequently learns of the action against him or her. However, the absence of or a defect in a return of service does not necessarily divest a court of jurisdiction of a defendant who was properly served. The fact of service is the important thing in determining jurisdiction and proof of service may be defective or even lacking, but if the fact of service is established jurisdiction cannot be questioned.

*Cintas Corp. v. Lee's Cleaning Servs., Inc.*, 700 A.2d 915, 917-18 (Pa. 1997) (citations omitted and formatting altered).

Pennsylvania Rule of Civil Procedure 400 states, in relevant part:

(a) Except as provided in subdivisions (b) and (c) and in Rules 400.1 and 1930.4, original process shall be served within the Commonwealth only by the sheriff.

- 15 -

(b) In addition to service by the sheriff, original process may be served also by a competent adult in the following actions:

(1) a civil action in which the complaint includes a request for injunctive relief under Rule 1531, . . . .

Pa.R.C.P. 400(a), (b)(1); **see also** Pa.R.C.P. 410(a) (stating that "[i]n actions involving title to, interest in, possession of, or charges or liens upon real property, original process shall be served upon the defendant in the manner provided by Rule 400 *et seq*.").[10]

Pennsylvania Rule of Civil Procedure 1061, which governs quiet title actions, provides:

(a) Except as otherwise provided in this chapter, the procedure in the action to quiet title from the commencement to the entry of judgment shall be in accordance with the rules relating to a civil action.

(b) The action may be brought

\* \* \*

(2) where an action of ejectment will not lie, to determine any right, lien, title or interest in the land or determine the validity or discharge of any document, obligation or deed affecting any right, lien, title or interest in land . . . .

Pa.R.C.P. 1061(a), (b)(2).

Rule 1066 provides, in relevant part:

(b) Upon granting relief to the plaintiff [in a quiet title action], the court

\* \* \*

_____

[10] We also note that a defendant, or a defendant's authorized agent, may file an acceptance of service. **See** Pa.R.C.P. 402(b).

- 16 -

(2) shall enter a final judgment that a document, obligation or deed affecting a right, lien, title or interest in the land is cancelled or is valid, invalid or discharged . . .

(3) shall enter a final judgment ordering the defendant, the prothonotary, or the recorder of deeds to file, record, cancel, surrender or satisfy of record, as the case may be, any plan, document, obligation or deed determined to be valid, invalid, satisfied or discharged, . . .

(4) shall enter any other order necessary for the granting of proper relief.

Pa.R.C.P. 1066(b)(2)-(4).

"An injunction is a court order prohibiting or commanding virtually any type of action." **Levin v. Barish**, 481 A.2d 1183, 1187 (Pa. 1984); **see also Mazzie v. Commonwealth**, 432 A.2d 985, 988 (Pa. 1981) (explaining that there is "a distinction between mandatory injunctions, which command the performance of some positive act to preserve the status quo, and prohibitory injunctions, which enjoin the doing of an act that will change the status quo"). However, not every order that prohibits a party from taking certain actions is an injunction. **See, e.g.**, **Beckman v. Abramovitz**, 496 A.2d 53, 54-55 (Pa. Super. 1985) (holding that an order freezing the defendants' corporate assets was not an injunction where the trial court did not follow the procedures for issuing a preliminary injunction set forth in Pa.R.C.P. 1531).

An injunction can be a preliminary injunction or a permanent injunction, each of which has a different test for its issuance. **See WellSpan Health v. Bayliss**, 869 A.2d 990, 996 n.1 (Pa. Super. 2005).

Our Supreme Court has explained:

There are six "essential prerequisites" that a party must establish prior to obtaining preliminary injunctive relief. The party must show: 1) "that the injunction is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by damages"; 2) "that greater injury would result from refusing an injunction than from granting it, and, concomitantly, that issuance of an injunction will not substantially harm other interested parties in the proceedings"; 3) "that a preliminary injunction will properly restore the parties to their status as it existed immediately prior to the alleged wrongful conduct"; 4) "that the activity it seeks to restrain is actionable, that its right to relief is clear, and that the wrong is manifest, or, in other words, must show that it is likely to prevail on the merits"; 5) "that the injunction it seeks is reasonably suited to abate the offending activity"; and, 6) "that a preliminary injunction will not adversely affect the public interest."

*Warehime v. Warehime*, 860 A.2d 41, 46-47 (Pa. 2004) (citation omitted).

The elements of a permanent injunction are: 1) the party seeking the injunction has established that its right to relief is clear; 2) an injunction is necessary to avoid an injury where there no adequate remedy at law, *i.e.*, damages will not compensate for the injury; and 3) a greater injury will result from refusing rather than granting injunctive relief. *See Kuznik v. Westmoreland Cty. Bd. of Comm'rs*, 902 A.2d 476, 489 (Pa. 2006); *WellSpan Health*, 869 A.2d at 995.

Here, the trial court explained:

In the instant case, [Appellant] avers that the fatal defect or irregularity that appears on the face of the record relates to service of the Complaint. More specifically, [Appellant] contends that it was improper to be served by a competent adult, and that he instead should have been served by a sheriff as required by Pennsylvania Rule of Civil Procedure 400(a). [Appellant's] reliance on Rule 400(a) is misplaced.

- 18 -

While it is generally true that original service of process in the Commonwealth must be served by a sheriff, this rule is not without exceptions. One such exception allows service of original process to be made by a competent adult in an action where there is a request for injunctive relief. **See** Pa.R.C.P. No. 400(b)(1). "[A]n injunction is a court order that prohibits or commands virtually any type of action." **Woodward Twp. v. Zerbe**, 6 A.3d 651, 658 (Pa. Commw. Ct. 2010). In this case, [Appellee's] complaint specifically requested that this court enter an order directing "the Office of the Recorder of Deeds of Bucks County cancel [the] deed dated and recorded May 20, 2020 in the Office of the Recorder of Deeds of Bucks County as instrument no. 2020030545[.]" Accordingly, since [Appellee's] complaint requested a form of injunctive relief, service by a competent adult was permissible.

Based on the forgoing, it is clear that service of [Appellant] was proper because of [Appellee's] request for a mandatory injunction in the complaint. Accordingly, [Appellant] failed to show the presence of a fatal defect or irregularity on the face of the record, and as such, striking the default judgment entered on February 11, 2021, was not warranted.

Trial Ct. Op. at 9-10 (footnotes omitted and some formatting altered).

Based on our review of the record, we are compelled to disagree with the trial court. Appellee's complaint is captioned as "civil action — quiet title." R.R. at 6a. In its prayer for relief, Appellee requested that the trial court:

1. Declar[e] that [Appellee] holds free and clear title to Property;

2. Declar[e] that Defendants are barred from asserting any right, lien, title or interest in the Property based upon or arising out of the deed dated and recorded May 20, 2020 in the Office of the Recorder of Deeds of Bucks County as instrument no. 2020030545;

3. Direct[] that the Office of the Recorder of Deed of Bucks County cancel [the] deed dated and recorded May 20, 2020 in the Office of the Recorder of Deeds of Bucks County as instrument no. 2020030545;

4. Impos[e] punitive damages in excess of $50,000.00 upon all Defendants, jointly and severally, for their outrageous and reckless conduct in this regard; and

5. [Grant] such other and further relief as may be just and equitable under the circumstances.

*Id.* at 8a (some formatting altered).

In a quiet title action, the trial court may grant relief to the plaintiff by ordering "the recorder of deeds to file, record, cancel, . . . any . . . deed determined to be . . . invalid[.]" *See* Pa.R.C.P. 1066(b)(3). Therefore, Appellee's request for an order directing the Office of the Recorder of Deed of Bucks County to cancel Appellant's deed was within the scope of relief that the trial court may grant in a quiet title action. *See id.*; *accord Beckman*, 496 A.2d at 54-55. Further, Appellee did not plead any of the elements of a preliminary or permanent injunction in its complaint such as injunctive relief is necessary to avoid an injury that cannot be adequately compensated by damages and that a greater injury would result from the trial court's refusal to grant injunctive than from granting it. *Compare* R.R. at 6a-9a *with Kuznik*, 902 A.2d at 489 *and Warehime*, 860 A.2d at 46-47.

For these reasons, we conclude that Appellee did not properly plead a request for an injunction in its complaint. Therefore, Appellee was required to utilize the sheriff to serve Appellant and Appellee was not permitted to effectuate service by a competent adult. *See* Pa.R.C.P. 400(a), (b)(1). Consequently, the service of the complaint on Appellant via process server was improper. *See id.*; *Cintas Corp.*, 700 A.2d at 917-18. Improper service

is a fatal defect on the face of the record that denied the prothonotary the authority to enter judgment. **See Cintas Corp.**, 700 A.2d at 917-18; **Green Acres**, 113 A.3d at 1267-68; **Vogt**, 900 A.2d at 916. Therefore, the trial court committed an error of law by denying Appellant's petition to strike the default judgment.

For these reasons, we reverse the order denying Appellant's petition to strike the default judgment, strike the February 11, 2021 default judgment and the October 8, 2021 final judgment, and remand for further proceedings.[11]

Order reversed. Judgment stricken. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/8/2024

---

[11] Because we hold that the February 11, 2021 default judgment must be stricken, we need not address Appellant's arguments relating to its petition to open the default judgment or to the October 8, 2021 final judgment.