2022 PA Super 78

| | | |
|---|---|---|
| WILLIAM PORTER, PAUL RHODES, JR., KENNETH J. RHODES, MARIAN DICK, AND BARBARA HUGHES, AND ADAM R. HENDERSON | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| | : | No. 1159 WDA 2021 |
| NIKITA LODGING, INC., NIKITA LODGING 2 LLC, NITIN PATEL, HARSHAD S. PATEL, KEYUR PATEL, HIMANSU H. PATEL, JANAK M. PATEL, AND NAYANA J. PATEL | : : : : : : : | |
| Appellants | : | |

Appeal from the Order Entered September 2, 2021
In the Court of Common Pleas of Greene County
Civil Division at A.D. No. 228 of 2018

BEFORE:   MURRAY, J., McCAFFERY, J., and COLINS, J.[*]

OPINION BY MURRAY, J.:                    **FILED: MAY 02, 2022**

Nikita Lodging, Inc., Nikita Lodging 2 LLC, Nitin Patel, Harshad S. Patel, Keyur Patel, Himansu H. Patel, Janak M. Patel, and Nayana J. Patel, (collectively, Appellants), appeal from both "the Order entered in this matter on the 2nd day of September, 2021, … along with the November 6, 2019 Order that is referenced and attached to the September 2, 2021 Order."  Notice of Appeal, 9/30/21.  After careful consideration, we quash.

A detailed recitation of the procedural history is relevant to our analysis and disposition.

---

[*] Retired Senior Judge assigned to the Superior Court.

**Procedural History**

This action arose because Appellants, in the process of excavating land to build a hotel, adversely impacted a private family cemetery (Rhodes Cemetery).

Appellees William Porter, Paul Rhodes, Jr., Kenneth J. Rhodes, Marian Dick, Barbara Hughes and Adam R. Henderson (collectively, Plaintiffs), are the descendants of individuals interred at Rhodes Cemetery. Plaintiffs have an undisputed right of access to visit and maintain the cemetery. They allege that as a result of Appellants' excavation, Rhodes Cemetery "sits at the top of an unstable butte," and is "inaccessible to Plaintiffs." Plaintiffs' Third Amended Complaint, 5/29/18, at 4. On April 5, 2018, Plaintiffs filed their first complaint against Appellants. Plaintiffs' claims include trespass, nuisance, intentional infliction of emotional distress, ejectment, and defiant trespass. *Id.* at 5-9 (unnumbered) (seeking mandatory injunction and monetary damages).

On August 9, 2018, the parties entered into a settlement agreement and litigation was stayed by court order on August 23, 2018. However, Appellants failed to comply with the settlement agreement. On November 5, 2019, Plaintiffs presented a Motion for Mandatory Preliminary Injunction, stating that Appellants, from "August of 2018, to the time of filing of this Motion," completed "absolutely no work on the Rhodes Cemetery that has increased

the stabilization of the Cemetery." Motion, 11/5/19, at 2. Plaintiffs alleged the cemetery was "in imminent danger of collapse."[1] *Id.*

On November 6, 2019, the trial court convened a hearing, after which it entered a five-page order. The court determined "**an injunction is warranted**, [although] the matter has been resolved largely by agreement." Order, 11/6/19, at 1-2. The court stated, "**as this is a preliminary injunction** and the [c]ourt has great concerns about the stability of the cemetery, which is now elevated at twenty (20) feet above grade, the focus of this Order and the concern of the Plaintiffs is primarily to achieve completion of the wall around that cemetery as described by this Order." *Id.* at 4 (emphasis added). The order included numerous directives. The court ordered Appellants to "take action" within 72 hours to stabilize and waterproof the excavated area, and provide photographic proof to Plaintiffs' counsel within 5 days of completion. *Id.* at 2. The court further ordered that Appellants would be "subject to a $1,000.00 assessment per day for failure to

_____

[1] Plaintiffs attached Exhibit A, which included a summary dated October 22, 2019, signed by two Franklin Township Supervisors and a Zoning Code Enforcement Officer, stating, *inter alia*, that supporting rock around the cemetery was "beginning to separate, loosen, break away, and deteriorate." Motion, 11/5/19, Exhibit A at 1. Further, the "lack of stabilization of the rock formation . . . and advancement of the deterioration . . . can cause a collapse . . . and bring down the cemetery." *Id.* Exhibit A also included an affidavit from Plaintiff William Porter, describing his personal observation of the cemetery on October 10, 2019, and detailing his concern that the cemetery was in "imminent danger of further deterioration and or total collapse." *Id.* at 2. Mr. Porter's affidavit included several photographs of the cemetery.

- 3 -

achieve this first step of the preliminary injunction." *Id.* Also, as Appellants'
counsel, Brandon K. Meyer, Esquire, had requested permission to withdraw
from representation, the court stated it would grant the request in 50 days,
"in the event Mr. Meyer continues to seek to withdraw[.]" *Id.* at 4.[2]

Less than two weeks later, Plaintiffs filed a motion for sanctions. In
response, the court entered an order stating:

> AND NOW, this 18th day of November, 2019, the Plaintiffs
> have appeared this date seeking relief as a result of the [c]ourt's
> Order of November 6, 2019. The Plaintiffs appear by their
> attorneys[. Appellants] are present along with their attorney, Mr.
> Meyer. The parties have agreed that by its Order of November
> 6th, the [c]ourt indicated that in the event that the footer was not
> completed, an assessment of $1,000.00 would begin on
> November 21, 2019. The parties have agreed to extend that
> deadline until Wednesday, November 27, 2019. The effect of this
> Order is that [Appellants are] now GRANTED until November 27,
> 2019 to complete the footer and provide evidence of that
> completion to Plaintiffs' counsel. Failure to complete by that date
> shall immediately result in penalties of $1,000.00 per day
> beginning Thursday, November 28, 2019. This is consistent with
> the Order, and the remaining deadlines previously set for
> completion of the wall remain.

Order, 11/18/19, at 1-2.

Approximately two months later, Plaintiffs filed a second motion for
sanctions. In response, the court entered an order dated January 27, 2020,
in which it found Appellants "failed to comply with the [] Order dated

---

[2] Attorney Meyer filed a Motion to Confirm Withdrawal as Counsel on January
10, 2020, which the court granted on January 13, 2020.

November 6, 2019," granted Plaintiffs' motion for sanctions, and ordered that

Appellants,

> pay into the Court the sum of One Thousand United States Dollars ($1,000) per day, beginning on December 26, 2019, as a sanction for its failure to comply with the Court's Order dated November 6, 2019 directing [Appellants] to construct a stabilizing wall around the Rhodes Cemetery, until [Appellants] are found to be in compliance with that Order. The disposition of any funds so received shall be determined by further Order of Court — total amount due now is $30,000.00. Money to be paid to Prothonotary.

Order, 1/27/20, at 2.

Approximately 10 months later, Plaintiffs filed a third motion for sanctions, alleging Appellants failed to comply with the November 6, 2019 order requiring the completion of a stabilizing wall. On November 19, 2020, the court entered an order observing that Appellants lacked legal representation, and stating:

> We do recognize that it is appropriate to move forward in this case and we are concerned with the inactions of [Appellants]. The parties are now on notice by separate Court Order, the matter shall be set for a hearing with regard to the requested sanctions. ...
> The [c]ourt notes that certain [Appellants] are corporations, and the rules of procedure require that those corporations be represented by counsel. The individual [Appellants] and corporate [Appellants] are now advised that they must seek counsel for the next scheduled hearing[.]

Order, 11/19/20, at 1-2.

Thomas A. Steele, Esquire, entered his appearance on behalf of Appellants on December 14, 2020. By order dated December 22, 2020, the court stated:

[T]his is the time that has been set aside by the [c]ourt to address the Plaintiffs' motions with regard to sanctions.

… [Appellants] have not met their obligation with regard to certain construction surrounding the Rhodes Cemetery[.]  . . .

The [c]ourt wishes to memorialize that Attorney Thomas Steele has now entered his appearance for [Appellants]. [Appellants] were without counsel for a significant period of time. . . .

In anticipation of the motion for sanctions, the [c]ourt takes the following actions:

The parties are now on notice that on Wednesday, January 27, 2021, all parties and the [c]ourt will meet at 4:00 P.M. for a view of the property that is the subject of the lawsuit.

The sanctions hearing that is scheduled for this date is CONTINUED with the matter to be heard on Tuesday, February 2, 2021[.]

Order, 12/22/20, at 1-2.

In a four-page order dated February 2, 2021, the trial court granted a request from Appellants to continue the sanctions hearing, "which is now scheduled for this date . . . for approximately ninety (90) days."  Order, 2/2/21, at 2.  The court stated it had viewed the property and "progress has been made and a stone wall has now been erected around the Rhodes Cemetery[.]"  *Id.*  The court further observed that Appellants had not paid $30,000 as ordered on January 27, 2020, and stayed the deposit "pending further order of this [c]ourt."  *Id.* at 2-3.  The court also ordered Appellants to pay Plaintiffs' respective counsel fees of $4,500 and $6,250 within 60 days. *Id.* at 3.  **The court denied Appellants' request to stay the accrual of**

**daily sanctions**, but stated it was "not adverse to considering a reduction or discharging [Appellants] from the payment of certain sanctions as it has been the intention of the [c]ourt for the sanctions to prompt [Appellants] into action or to have sufficient monetary funds deposited as a source of funding to have the work performed." *Id.* On February 10, 2021, the court ordered that the sanctions hearing occur on May 10, 2021.

On May 10, 2021, Plaintiffs filed a Motion for Release of Funds held by the Greene County Prothonotary, and the parties and trial court convened for a hearing as ordered by the court on February 2, 2021. By order dated May 10, 2021, the court stated that Plaintiffs' request for sanctions was "properly before the [c]ourt" and it "would take the matter under advisement . . . and make a determination of appropriate sanctions by separate court order." Order, 5/10/21, at 2.

On September 2, 2021, the trial court issued the order from which precipitated Appellants' notice of appeal. Within the seven-page order, the court stated:

> In [the] November 6, 2019 Order, the [c]ourt focused on stabilizing the grounds around a historic cemetery that had been excavated by [Appellants]. **Numerous directives were imposed on [Appellants]**, most importantly, [Appellants] were granted forty (40) days from the date of the Order to place large cement blocks upon a footer and the wall to be substantially completed. **The [c]ourt had directed that a sanction of $1,000.00 per day be imposed for any day in which [Appellants] did not achieve certain results**.
>
> The potential sanctions as a result of any failure to obey the [c]ourt's directive were reasonable and designed to permit a

- 7 -

willing [Appellant] to make good on their prior settlement agreement. **The [c]ourt gave a specific time-frame and a method of verification prior to the imposition of sanctions**.

Generally speaking, [Appellants] had until approximately December 17, 2019, to complete the wall around the cemetery and to stabilize the cemetery, which they had made unstable with their deliberate actions.

Also, on January 27, 2020, [Appellants] were ordered to pay into the Prothonotary $30,000.00, which has never been paid. It is clear that [Appellants] have paid no penalty as a result of the failure to abide by their settlement agreement or orders of this court. We do acknowledge that the [c]ourt's February 2, 2021, Order stayed the directive to pay the $30,000.00, pending further Order of the Court.

By Order dated February 2, 2021, the court did acknowledge that it had visited the site and verified that by January 27, 2021, the walls had been constructed around the excavated cemetery site. We recall that it had only recently been completed. Giving the benefit of the doubt to [Appellants], we will assume the wall was completed on or about January 17, 2021.

By our Order of February 2, 2021, we acknowledged new counsel for [Appellants], and we acknowledged the Plaintiffs and [Appellants] were engaged in ongoing discussion regarding a temporary ramp to access the cemetery lot. We also directed that [Appellants] pay $4,500.00 and $6,250.00 into the Greene County Prothonotary Office for reimbursement for attorney fees for the Plaintiffs. [Appellants] did comply with that directive.

In our further review of our November 6, 2019 Order, the [c]ourt now determines a fair reading of that Order would suggest that the sanctions of $1,000 per day would cease upon the completion of the wall. We do acknowledge that the parties discussed additional phases of work after the completion of the wall.

The [c]ourt determines that sanctions are appropriate due to ongoing and past noncompliance.

\*\*\*

- 8 -

We now determine that the parties entered into a settlement agreement nearly three (3) years ago. The threat of sanctions ha[s] not been sufficient to compel compliance as [Appellants] have not operated in good faith and have not followed directives of the [c]ourt, and have not abided by the terms of their own settlement agreement. The cemetery wall, which was due to be completed on December 17, 2019, was not completed until January 17, 2021, which is a period of 397 days. Therefore, we impose sanctions of $397,000.00.

That shall be paid into the Greene County Prothonotary within thirty (30) days of this date. The [c]ourt will then determine how that sanction money may be used to include remedying issues related to access to the cemetery. The [c]ourt considers this to be a final and appealable order.

Order, 9/2/21, at 3-7.

Appellants filed a notice of appeal and court-ordered statement pursuant to Pa.R.A.P. 1925(b).[3] Rather than issue an opinion, the trial court stated it "relies on its Orders docketed September 2, 2021, and November [6], 2019, attached hereto, with no additions to the record." Statement Pursuant to Pa.R.A.P. 1925, 11/15/21, at 2.

**Appealability**

We must examine whether this appeal is proper. The timeliness of an appeal implicates this Court's jurisdiction, and we may not address the merits of Appellants' issues if their appeal is untimely. ***Coulter v. Ramsden***, 94

---

[3] Appellants raise 17 issues in their Rule 1925(b) statement. The 17 issues do not align with the 8 questions Appellants present in their brief. As discussed ***infra***, most of the 8 questions are encompassed in the 17 issues raised in the Rule 1925(b) statement.

A.3d 1080, 1084 (Pa. Super. 2014), *appeal denied*, 110 A.3d 998 (Pa. 2014).

It is well settled that

> a notice of appeal must be filed within [30] days of the disputed order. Pa.R.A.P. 903(a). Specifically, Rule 903(a) provides that "the notice of appeal ... shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a).

*Id.* at 1084.

Appellants timely appealed from the September 2, 2021, order on September 30, 2021. However, on November 29, 2021, this Court issued upon Appellants a rule to show cause why the appeal should not be quashed as being taken from an order that is not "final or otherwise appealable." Order, 11/29/21. We stated:

> In their docketing statement, Appellants assert that their appeal is taken pursuant to Pa.R.A.P. 311(a)(4) (providing that appeal may be taken from order *inter alia* granting or denying injunction). The Order, which referenced a prior order, did not grant or deny an injunction but, rather, determined that sanctions were appropriate due to "ongoing and past noncompliance." **Order** at 5. **Further, while the Order states it is "a final and appealable [o]rder," it also notes that the trial court will subsequently determine how the sanctions will be used to remedy issues related to access to the cemetery**. *Id.* at 7.

Order, 11/29/21 (emphasis added).

Appellants responded that the appeal is proper under Rule 311(a)(4) because the sanctions were imposed by the order dated November 6, 2019. Appellants noted the sanctions were prospective, and imposed in the September 2, 2021, order directing Appellants to pay $397,000 to the Greene County Prothonotary. Because the September 2, 2021, order imposed

sanctions contemplated in the November 6, 2019 order, Appellants claim the September 2, 2021, order continued and/or modified the November 6, 2019, order, and is appealable under Rule 311(a)(4). Alternatively, Appellants assert the order is appealable as a contempt order. Appellants "acknowledge that the trial court did not label the September 2, 2021 Order as an order imposing sanctions based upon contempt," but assert "the effect of the September 2, 2021 Order is the same." Response, 12/10/21, at 2.

By per curiam order, this Court discharged the rule to show cause, stating that discharge was not "a final determination as to the propriety of the appeal," and advising the appealability issue "may be revisited by the merits panel." Order, 1/5/22.

In their brief, Appellants repeat their claim that this Court has jurisdiction "pursuant to Pennsylvania Rule of Appellate Procedure 311(a)(4)." Appellant's Brief at 1. Rule 311(a)(4) provides that an interlocutory order is appealable as of right when it "grants or denies, modifies or refuses to modify, continues or refuses to continue, or dissolves or refuses to dissolve an injunction[.]"[4] Pa.R.A.P. 311(a)(4).

---

[4] The Rule provides for exceptions, not applicable to this appeal, for orders entered "(i) Pursuant to 23 Pa.C.S. §§ 3323(f), 3505(a); or (ii) after a trial but before entry of the final order. Such order is immediately appealable, however, if the order enjoins conduct previously permitted or mandated or permits or mandates conduct not previously mandated or permitted, and is effective before entry of the final order." Pa.R.A.P. 311(a)(4)(i)-(ii).

Critically, Appellants concede the injunction was "imposed by the trial court's prior order of November 6, 2019," **which Appellants did not appeal**. They defend their failure to timely appeal from the November 6, 2019, order on the basis that "the monetary sanctions were future in nature, and thus, the [November 6, 2019] order was interlocutory." Appellants' Brief at 1. Appellants emphasize the September 2, 2021, order "was based entirely on the mandatory injunction entered November 6, 2019," and argue "the September 2, 2021 Order made the November 6, 2019 Order final and appealable, at least with respect to the sanction portion of the order." *Id.* at 3. In the alternative, Appellants argue the September 2, 2021, order is appealable pursuant to Pa.R.A.P. 341, as "an order imposing sanctions upon a party declared to be in contempt." *Id.* at 3.

Appellants reference the eight questions they present on appeal, stating that their issues,

> can be consolidated into three main issues. These issues involve two orders of court, the September 2, 2021 sanctions order, and the underlying November 6, 2019 injunction order. First [Appellants] assert that the underlying mandatory preliminary injunction order issued on November 6, 2019 was issued in error. Second, [Appellants] assert that the September 2, 2021 sanctions order was also issued in error. Third, [Appellants] assert that the sanction of $397,000.00 imposed by the September 2, 2021 sanctions order was impermissibly excessive.

Appellants' Brief at 41 (emphasis added).

Appellants present eight questions for review:

1. Did the Trial Court err in entering the Order of November 6, 2019, granting mandatory injunctive relief without requiring [Plaintiffs] to establish a clear right to such relief?

2. Did the Trial Court err in the granting of *de facto* permanent injunctive relief given the procedural process of the case?

3. Did the Trial Court err in finding that, *inter alia*, the evidence was sufficient to sustain a mandatory or permanent injunction?

4. Did the Trial Court err in imposing an overly broad mandatory injunction?

5. Did the Trial Court err in entering the Order of September 2, 2021 finding [Appellants] in contempt of the November 6, 2021 Order, because granting such relief without requiring [Plaintiffs] to establish a clear right to such relief was an abuse of discretion and an error of law where: (I) it constitutes a denial of [Appellants'] due process rights and an abuse of discretion?

6. Did the Trial Court err in finding that, *inter alia*, the evidence was sufficient to sustain a finding of contempt against [Appellants]?

7. Did the Trial Court err in failing to remove the stay prior to holding proceedings on the matter?

8. Did the trial court err by ordering excessive sanctions of $397,000?

Appellants' Brief at 19-20.

Notably, Appellants do not argue their eight issues as required by Pa.R.A.P. 2119(a) (stating that argument section "shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."). Appellants present only four sections of argument:

- 13 -

A. In the underlying order to the contempt order, [Plaintiffs] failed to establish the essential prerequisites for a mandatory preliminary injunction; the Trial Court failed to examine the merits of the controversy and ensure a clear right to relief in [Plaintiffs]; and the Trial Court's injunction order was overly broad.

B. [Plaintiffs] failed to meet their burden of proof to demonstrate [Appellants] were in noncompliance with the Court's Order and subject to a finding of contempt.

C. The mandatory preliminary injunction was void because the injunction order was entered at a time when the proceedings in the matter were stayed.

D. The sanctions of $397,000 imposed by the September 2, 2021, Order were impermissibly excessive.

Appellants' Brief at 44-63.

In contrast, Plaintiffs concisely and persuasively argue Appellants "waived any challenge to the [trial] court's orders by failing to dispute these issues before the lower court despite multiple hearings spanning nearly two years." Plaintiffs' Brief at 14. After careful review, we agree.

<u>The November 6, 2019, Order</u>

Appellants assail the trial court's grant of injunctive relief in the November 6, 2019, order. As Appellants did not appeal from that order, issues pertaining to the issuance of the injunction and $1,000 daily assessment are waived. *See* Pa.R.A.P. 903 (appeal shall be filed within 30 days after the entry of the order from which the appeal is taken).

Both parties recognize Pennsylvania Rule of Appellate Procedure 311(a)(4), which provides that orders involving injunctions are appealable as of right. In a similar case involving interlocutory appeals as of right pursuant

to Pa.R.A.P. 311(a), this Court addressed subsection (1) *Affecting judgments*, as opposed to subsection (4) *Injunctions*. **See Blackburn v. King Inv. Grp., LLC**, 162 A.3d 461 (Pa. Super. 2017). Our reasoning in that case is applicable.

In **Blackburn**, 64 days passed before the appellant appealed from the interlocutory order as of right. Similar to Appellants, the appellant argued the appeal was timely "because the court's [subsequent] order modifying the [prior order] was a final, appealable order that 'superseded' the earlier, interlocutory order denying the petition to open and/or strike." **Id.** at 464. We rejected the argument. In quashing the appeal, we explained:

> Under Pa.R.A.P. 311(a)(1), an appeal from an interlocutory order refusing to open, vacate or strike off a judgment is deemed final and subject to attack on appeal without reference to Pa.R.A.P. 341(c). **Hammel**, 636 A.2d at 217; **see** Pa.R.A.P. 311 Note ("If an order falls under Pa.R.A.P. 311, an immediate appeal may be taken as of right simply by filing a notice of appeal. The procedures set forth in Pa.R.A.P. 341(c) and 1311 do not apply to an appeal under Pa.R.A.P. 311."). The notice of appeal must "be filed within 30 days after the entry of the order from which the appeal is taken," Pa.R.A.P. 903, and this Court "may not enlarge the time for filing a notice of appeal," Pa.R.A.P. 105(b). **Leonard v. Andersen Corp.**, 300 Pa. Super. 22, 445 A.2d 1279, 1280–1281 (1982) (holding that the appeal period under Pa.R.A.P. 311 begins to run from the entry of the interlocutory order appealable as of right). Failure to timely appeal from an order denying a petition to open, vacate, or strike off a judgment "renders any attack of that order untimely and waived." **Hammel**, 636 A.2d at 217 (citing **Bell v. Beneficial Consumer Discount Co.**, 465 Pa. 225, 348 A.2d 734 (1975)).

> Here, the order denying Appellant's petition to open and/or strike was entered on February 24, 2016. The appeal period expired on March 25, 2016. However, Appellant did not file a notice of appeal from that order until some 64 days later on April 27, 2016. Thus, Appellant's appeal is not timely. **See Leonard**, 445 A.2d at 1281; Pa.R.A.P. 903.

*Id.* at 463-64 (footnote omitted).

Consistent with the foregoing, we lack jurisdiction to consider Appellants' issues pertaining to the November 6, 2019, order issuing the injunction because Appellants did not timely appeal.[5]

<u>The September 2, 2021, Order</u>

With respect to the September 2, 2021, order, Appellants cite Pa.R.A.P. 341 and argue their appeal is proper because the trial court, despite not using the term, found them to be "in contempt." Appellants' Brief at 61.

Appellants did not claim the September 2, 2021, order was a contempt order in their Pa.R.A.P. 1925(b) statement. Appellants made the argument for the first time in their response to this Court's rule to show cause, stating:

> In the alternative, if the Superior Court is not inclined to accept the appeal pursuant to Pa.R.A.P. 311(a)(4), the Appellants assert that the September 2, 2021 Order is appealable pursuant to Pa. R.A.P. 341 as an order imposing sanctions upon a party declared to be in contempt.

Response, 12/10/21, at 2.

Issues not raised in the lower court are waived and cannot be raised for the first time on appeal. *See* Pa.R.A.P. 302(a). When a trial court directs a

---

[5] Appellants' current counsel, Thomas Steele, Esquire, entered his appearance on December 14, 2020. Referencing the $1,000 daily assessment imposed by the trial court in the November 6, 2019, order, Attorney Steele stated, "I sure wish I would've been representing them at that injunction hearing when it happened, [but] I can't speak to what happened when I wasn't here[.]"). N.T., 5/10/21, at 10.

party to file a Pa.R.A.P. 1925(b) concise statement, any issues not raised in the statement are waived. *Linde v. Linde*, 220 A.3d 1119, 1146 (Pa. Super. 2019) (citations omitted). "An appellant's failure to include an issue in his [Rule] 1925(b) statement waives that issue for purposes of appellate review." *Lineberger v. Wyeth*, 894 A.2d 141, 148 (Pa. Super. 2006).

Waiver notwithstanding, and assuming *arguendo* that the September 2, 2021, order was the equivalent of a contempt order, "for a contempt order to be properly appealable," it is necessary that the order "impose sanctions on the contemnor **and that no further court order be required before the sanctions take effect**." *Glynn v. Glynn*, 789 A.2d 242, 248 (Pa. Super. 2001) (emphasis added). Rule 341 provides in pertinent part:

> **(a)** **General rule.**--Except as prescribed in paragraphs (d) and (e) of this rule, an appeal may be taken as of right from any final order of a government unit or trial court.
>
> **(b)** **Definition of final order.** A final order:
>
> (1)   disposes of all claims and of all parties;

Pa.R.A.P. 341.

"In this Commonwealth, there are few legal principles as well settled as that an appeal lies only from a final order, unless otherwise permitted by rule or statute." *McCutcheon v. Philadelphia Elec. Co.*, 788 A.2d 345, 349 (Pa. 2002). There are limited exceptions, but they do not apply to the September 2, 2021, order. *See* Pa.R.A.P 311, 312, 313, and 342 (providing for appeals of certain interlocutory, collateral, and distribution orders from Orphans

Court). In the final paragraph of the September 2, 2021, order, the trial court stated it "considers this to be a final and appealable order." Order, 9/2/21, at 7. However, the entire paragraph reads:

> [Sanctions] shall be paid into the Greene County Prothonotary within thirty (30) days of this date. **The [c]ourt will then determine how that sanction money may be used to include remedying issues related to access to the cemetery**. The [c]ourt considers this to be a final and appealable order.

*Id.* (emphasis added).

Despite the trial court's intent, the above language indicates the order did not dispose of all claims. As we explained in our rule to show cause, "while the Order states it is 'a final and appealable [o]rder,' it also notes that the trial court will subsequently determine how the sanctions will be used to remedy issues related to access to the cemetery."[6] Order, 11/29/21. Our Supreme Court has expressed,

> courts avoid piecemeal review not only out of concern for judicial economy, but out of concern for judicial *accuracy*—because, as a general rule, an appellate court is more likely to decide a question correctly after judgment, where it may consider the claim in the context of a complete adjudication and a fully developed record.

*Rae v. Pennsylvania Funeral Directors Ass'n*, 977 A.2d 1121, 1130 (Pa. 2009) (citations omitted, italics in original). Accordingly, the September 2, 2021 order was not final and appealable.

---

[6] On May 10, 2021, Appellants' counsel, Attorney Steele, stated "the wall is built, it's stabilized. What we need now and what [Plaintiffs] are entitled to is access. And that's kind of where we stand now." N.T., 5/10/21, at 11.

## Conclusion

Appellants' failure to timely appeal from the November 6, 2019, order results in waiver of the issues related to that order, including the issuance of the injunction. In addition, the September 2, 2021, order is not final and appealable because the order directed that sanctions "shall be paid . . . within thirty (30) days of this date," and the trial court would "then determine how that sanction money may be used to include remedying issues related to access to the cemetery." We therefore quash this appeal for lack of jurisdiction.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 05/02/2022

- 19 -