J-A03038-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARY BUSH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CAMERON ADAMS, LAUREN ADAMS, | : | No. 718 EDA 2022 |
| JOSEPH BUSH, ALEXANDER J. | : | |
| CHOTKOWSKI, KELLER WILLIAMS, | : | |
| JAMES WAGNER AND LAND | : | |
| SERVICES USA, INC. | : | |

Appeal from the Order Entered December 16, 2021
In the Court of Common Pleas of Chester County Civil Division at No(s):
2021-05273-RC

BEFORE:   KING, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM PER CURIAM:                    **FILED MARCH 7, 2023**

Mary Bush ("Appellant") purports to file this *pro se* appeal from the order of the Court of Common Pleas denying her application for a determination of finality following the trial court's dismissal of Cameron Adams, Lauren Adams, Joseph Bush, Alexander J. Chotkowski, Esq., Keller Williams, James Wagner, and Land Services, USA, Inc. (collectively "Appellees") from the action and dismissing Appellant's complaint with prejudice. This has been a heavily litigated case, Appellant has had her day in numerous courts, and the parties deserve finality. We affirm.

The trial court set forth the factual background of this case as follows:

_____

[*] Former Justice specially assigned to the Superior Court.

… [Appellant] brought this action in her decade long quest to gain control of the real property located at 1628 Glenside Road, West Chester, Pennsylvania ("Property"). [Appellant] believes she has been defrauded of her interest in the Property, personalty located there and her inheritance from her mother. All claims raised by [Appellant] in these proceedings were fully litigated before and finally decided before the Orphans' Court at No. 1509-1720 in a guardianship matter involving [Appellant's] mother, which was presided over by the Honorable Katherine Platt.

[Appellant's] brother, Joseph Bush, a defendant herein, was appointed guardian of their mother by Judge Platt. [1] On November 8, 2019, Judge Platt granted the Guardian permission to sell the Property and prohibited [Appellant] from entering the Property; coming within fifty yards of the Property line; interfering with attempts to prepare the Property for sale; confronting, speaking to, or harassing any persons at the Property; videotaping or photographing any person on the Property; and/or posting on social media any image or name of any person on the Property. [Appellant] was also directed to supply the Guardian with a list of her personal items on the Property within thirty days and the Guardian was directed to arrange for those items to be returned. All such personalty was returned on March 3, 2020.

On December 23, 2019, Cameron and Lauren Adams, [Appellees] herein, entered into an agreement of sale to purchase the Property. On February 19, 2020, Judge Platt struck a *lis pendens* [Appellant] had placed against the Property and permitted the sale to close.

[Appellant] placed a *lis pendens* on the Property during the within litigation, which was stricken on September 28, 2021. [2]

[Appellee] Alexander Chotkowski, is an attorney who represented Joseph Bush and another brother, Michael Bush, before the Orphans' Court. The remaining [Appellees] in the action

---

[1] In June 2011, Appellant's mother, Genevieve Bush, was adjudicated incapacitated due to cognitive impairment. After Joseph Bush was appointed as guardian of Genevieve's estate, he petitioned the court for leave to sell the Property to obtain funds to support Genevieve's medical care. Appellant repeatedly attempted to obstruct the sale of the Property and refused to vacate the premises.

[2] Genevieve Bush passed away on June 16, 2021.

had the misfortune of being involved in the sale of the Property as the title company or realtors.

Trial Court Opinion (T.C.O.), 3/31/22, at 1-3.

On August 4, 2021, Appellant filed a "Petition for an Emergency Preliminary Temporary Restraining Order Preliminary Injunction," and Appellant filed a *pro se* complaint on August 18, 2021, alleging Appellees fraudulently conspired to deprive her of her interest in the Property. Appellant claimed she had been "denied her home, truck and personal property without due process."[3] Complaint, at 5. Further, Appellant claimed she was the true executor and beneficiary of the mother's will and trust and characterized the Orphans' Court order authorizing the sale of the Property as invalid.

Joseph Bush, Alexander Chotkowski, Esq., Land Services, USA, Inc., Cameron and Lauren Adams, all filed motions to dismiss the action pursuant to Pa.R.C.P. 233.1.[4] Keller Williams and Wagner filed preliminary objections

---

[3] Appellant also filed multiple unsuccessful petitions in federal court and the Pennsylvania Supreme Court to attempt to avoid a transfer of the Property.

[4] Rule 233.1 provides in pertinent part:

**Rule 233.1. Frivolous Litigation. Pro Se Plaintiff. Motion to Dismiss**

(a) Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that

(1) the *pro se* plaintiff is alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants, and

*(Footnote Continued Next Page)*

- 3 -

challenging the legal sufficiency of Appellant's complaint. The trial court issued numerous orders in which it granted each motion to dismiss under Rule 233.1 as well as Keller Williams and Wagner's preliminary objections.

On December 16, 2021, the trial court entered an order dismissing the final defendant from this lawsuit and enjoining Appellant from filing any additional *pro se* litigation regarding challenges to the title of the Property or any personal property located there without leave of court.

On January 6, 2022, Appellant filed a notice of appeal from the December 16, 2021 order. Appellant indicates that on January 7, 2022, she was informed by the trial court prothonotary that her notice of appeal was rejected as there was no final order disposing of all of Appellant's claims and dismissing the entire action. On January 11, 2022, Appellant filed an application for a determination of finality.

On January 11, 2022, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

---

(2) these claims have already been resolved pursuant to a written settlement agreement or a court proceeding.

(b) The court may stay the action while the motion is pending.

(c) Upon granting the motion and dismissing the action, the court may bar the *pro se* plaintiff from pursuing additional *pro se* litigation against the same or related defendants raising the same or related claims without leave of court. …

Pa.R.C.P. 233.1.

Instead of filing a concise statement, on January 19, 2022, Appellant filed an application for clarification, claiming the prothonotary had rejected her appeal.

On February 8, 2022, the trial court entered an order denying Appellant's application for a determination of finality. However, the trial court noted in a footnote that it had entered a final order on December 16, 2021, which dismissed the last defendant from the action.

On the same date, the trial court entered an order granting Appellant's motion for clarification in part, directing its prothonotary to refund Appellant's filing fee with the following rationale:

> [a] notification that [Appellant] had filed an appeal was received in chambers on or about January 7, 2022, which prompted the issuance of an Order to file a statement of matters complained of on appeal on January 11, 2022. [Appellant] now relates that she withdrew the appeal before it was processed. Since there is no appeal pending, [Appellant] need not apply with the [1925(b)] order.

Order, 2/8/22, at 1. Appellant filed another notice of appeal on March 7, 2022.

Appellant presents the following issues for review:

1. Did the trial court err in refusing to write a final order on February 8, 2022 by denying [Appellant's] application for a determination of finality filed on January 10, 2022 as a matter of not applying law, rules, and/or by abuse of discretion where the lower court's order of December 16, 2021 does not appear as a final order even to the Chester County Prothonotary. The December 16, 2021 order just dismissed one defendant Alexander Chotkowski and multiple nonparties. It does not dispose or address all claims on all parties, and/or all filings and failed considering that defendants Adams willfully returned in the matter after being dismissed.

2. Did the trial court err as a matter of not applying laws, rules, and/or by abuse of discretion by its intentional delayed dismissing of every [Appellee] striking [Appellant's] lis pendens

upon the first dismissal September 7, 2021 by unjustly using the nonapplicable Rule 233.1 in an unequal standard. Thus, unjustly favoring [Appellees] by ignoring that all [Appellees] recently, collectively worked in collaboration to use the last hours of a guardian of the estate appointment to financially exploit a vulnerable guardianship victim to convert assets for themselves.

3. Did the lower court erred as a matter of not applying law, rules and/or abuse its discretion by not addressing recent absolute evidence of void contracts all [Appellees] admitted to as evidence, granting nonparties relief, not granting [Appellant] any relief by due process when a court order exists of June 28, 2021 for the matter be heard in the Court of Common Pleas.

4. Did the lower court as a matter of not applying law, rules, and/or by abuse of discretion by failing to address the ex parte communications with attorney David due Black and thus failing to recuse ignoring his oath of office.

5. Did the lower court as a matter of not applying law, rules, and/or by abuse of discretion by failing to set forth the basis of its rulings in a timely fashion, thus interfering with [Appellant's] due process and appellate rights.

Appellant's Brief, at 3-4 (listed verbatim).[5]

_____

[5] During the pendency of this appeal, Appellant filed a motion for emergency relief, seeking to prevent Cameron and Lauren Adams to cease and desist from making any changes to the Property or personal property located therein. The Adamses filed a reply with a cross-motion seeking sanctions against Appellant, claiming her application for relief was a violation of the trial court's order prohibiting Appellant from filing additional claims against the Adamses to interfere with their use of the Property.

This Court denied Appellant's motion for emergency relief with prejudice and denied the Adamses' cross-motion without prejudice for the matter to be raised before the trial court. After Appellant filed a motion for reconsideration, this Court entered an order denying the motion for reconsideration, cautioning Appellant that "further filings of frivolous applications for relief may result in the imposition of sanctions." Order, 7/13/22, at 1.

Thereafter, Appellant also filed motions seeking the recusal of the Honorable Megan McCarthy King and the Honorable Megan Sullivan of this Court, citing their previous roles serving in the Chester County district attorney's office. Our merits panel denied both recusal motions. Appellant filed a motion for reconsideration, which this Court also denied.

Before we reach the merits of this case, we must evaluate Appellees' request that this Court quash this appeal as untimely filed. Appellees assert that Appellant failed to file a notice of appeal within 30 days after entry of the final order on December 16, 2021. While Appellees note that Appellant filed a notice of appeal on January 6, 2022, Appellees claim Appellant withdrew this notice of appeal, and thus failed to preserve any issues for appeal. In the alternative, Appellees asserted that Appellant waived all her issues by failing to file a 1925(b) statement.

As the timeliness of an appeal implicates this Court's jurisdiction, we may not address the merits of an appeal if the appeal is untimely. **Porter v. Nikita Lodging, Inc.**, 274 A.3d 1272, 1278 (Pa.Super. 2022) (quoting **Coulter v. Ramsden**, 94 A.3d 1080, 1084 (Pa.Super. 2014)). Our Rules of Appellate Procedure provide that a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a).

While this Court generally may not enlarge the time period to file a notice of appeal, our courts "have many times declined to quash an appeal when the defect resulted from an appellant's acting in accordance with misinformation relayed to him by the trial court." **Always Busy Consulting, LLC v. Babford & Co., Inc.**, 247 A.3d 1033, 1041 (Pa. 2021).

In this case, Appellant did file a timely notice of appeal, but claims it was rejected by the trial court prothonotary based its belief that the trial court

had not yet issued a final order even though the last remaining defendant had been dismissed on December 16, 2021.

Our Supreme Court explained that:

[w]e have repeatedly recognized the powers of a prothonotary are "purely ministerial in nature." *Commonwealth v. Williams*, 630 Pa. 169, 106 A.3d 583, 588 n.9 (2014)[.] … ["T]he clerk of courts and prothonotary are not permitted to interpret statutes or challenge court actions." *Id.* at 588. These court officers "lack the authority to either evaluate the merits of a litigant's pleadings or decline to accept a timely notice of appeal." *Id., citing Brown v. Levy*, 621 Pa. 1, 73 A.3d 514, 519 (2013). We noted the prothonotary does not operate as an independent reviewer and screening officer with respect to court filings, but fulfills a strictly administrative function, and is therefore obligated to accept and process timely notices of appeal upon receipt in accordance with the Rules of Appellate Procedure, notwithstanding any perceived defects therein. *Id*.

*Id*. (footnotes and some citations omitted).

In its Rule 1925(a) opinion, the trial court baldly stated that Appellant failed to file an appeal within 30 days of its December 16, 2021 order without further explanation. The trial court neither acknowledged that Appellant had filed a notice of appeal on January 6, 2022 nor discussed whether Appellant sought to withdraw her appeal based on correspondence from the trial court prothonotary indicating the appeal was improper.

As it appears that the trial court prothonotary provided Appellant misinformation about the appeal, we find a breakdown in court processes occurred. Thus, we find Appellant filed a timely notice of appeal on January 6,

2022 from the trial court's December 16, 2021 order dismissing the final defendant from the litigation.[6]

To the extent that Appellant claims that the trial court erred in denying her application for a determination of finality and "refusing to write a final order," we reiterate our conclusion that the trial court's December 16, 2021 order dismissing the final defendant from the litigation and dismissing Appellant's complaint with prejudice was in fact a final order. **See** Pa.R.A.P. 341 (providing that an order is final if it "disposes of all claims and all parties"). As we have deemed this appeal to be timely filed, we may proceed to review the merits of Appellant's arguments.

Appellees Cameron and Lauren Adams also argue that Appellant failed to comply with our Rules of Appellate Procedure when she filed an untimely Designation of the Contents of the Reproduced Record and subsequently failed to include documents identified in the Adamses' Counter-Designation of the Contents of the Reproduced Record.

In similar circumstances, this Court has held that:

[c]ompliance with the Pennsylvania Rules of Appellate Procedure 2152-2154 regarding contents of reproduced records on appeal is mandatory, not directory." **Rosselli v. Rosselli**, 750 A.2d 355, 357 (Pa.Super. 2000). This Court will quash an appeal when the appellant's violations substantially impede the appellate process. **Id**. at 359-60 (appeal quashed due to appellant's failure to comply with the Rules of Appellate Procedure regarding reproduced record). However, **"when the defects in the reproduced record are not so serious as to preclude our ability to properly evaluate and address the substantive arguments**

---

[6] We have amended the caption of this appeal accordingly.

**advanced by the parties,"** then we have declined to quash the appeal. ***Hagel v. United Lawn Mower Sales & Service, Inc.***, 439 Pa.Super. 35, 653 A.2d 17, 19 (1995); ***Kern v. Kern***, 892 A.2d 1, 6 (Pa.Super. 2006) ("[T]his Court quashes appeals for failure to conform to the Rules of Appellate Procedure only where the failure to conform to the Rules results in the inability of this Court to discern the issues argued on appeal.") (citation omitted).

***Fulano v. Fanjul Corp.***, 236 A.3d 1, 12 (Pa.Super. 2020) (emphasis in original).

While Appellant failed to fully comply with her obligations under our Rules of Appellate Procedure in filing a proper reproduced record, the defects in Appellant's record are not so serious as to preclude this Court from resolving Appellant's substantive arguments. Thus, we decline to quash the appeal.

Appellant's remaining claims on appeal involve her attempt to challenge the transfer of the Property to Cameron and Lauren Adams. However, we agree that the trial court was justified in finding this *pro se* action to be frivolous litigation pursuant to Rule 233.1 as (1) Appellant has raised these claims in multiple forums in state and federal court against the same defendants and (2) these issues have been finally litigated.

Appellant challenged the Orphans' Court's decision to grant Joseph Bush, as guardian of Genevieve's estate, permission to sell the Property to pay for Genevieve's medical care in her nursing home.[7] After an evidentiary hearing, the trial court entered an order on November 8, 2019 permitting

---

[7] This Court affirmed the trial court's decision to appoint Joseph Bush as guardian of the Estate and to void previous property transfers from Genevieve to Mary which were conducted as a result of Mary's undue influence. ***In the Matter of Bush***, 2726 EDA 2011 and 2746 EDA 2011 (Pa.Super. June 11, 2012) (unpublished memorandum).

Joseph Bush to "accept any *bona fide* offer representing 95% or more of the initial listing price [of $460,000], and sign any documentation necessary to effectuate the sale, without further court approval."  Order, 11/8/19, at 1. Appellant did not appeal the order authorizing the sale of the Property.

On December 23, 2019, Joseph Bush, as guardian of the Estate, entered into a contract with Cameron and Lauren Adams, who agreed to purchase the Property for $480,000, which well exceeded the listing price.

Unwilling to accept that the Property had been lawfully sold, Appellant encumbered the Property with *lis pendens* filings in state and federal court. After another evidentiary hearing, the Orphans' Court entered an order on February 19, 2020, striking Appellant's *lis pendens* against the Property and permitting the Adamses to close on the Property. The order noted that "the purpose of this filing was to prevent the Guardian from selling Genevieve Bush's house, not to assert a genuine title interest. The property belongs, unequivocally, to Genevieve Bush, and the proceeds of the sale are necessary to fund her continued care." Order, 2/19/20, at 2.

At this point, Appellant was provided with two evidentiary hearings at which she had the opportunity to present evidence as to why the Property should not have sold. This issue was fully litigated before the Orphans' Court which entered an order allowing the sale of the Property to go forward as Appellant had not demonstrated a title interest in the Property.

In addition to the instant case, Appellant filed multiple actions in both state and federal court, refusing to accept the Orphans' Court's ruling and

alleging that Appellees were selling the Property by deceptive means. All of the courts to which Appellant has presented these arguments (the United States District Court for the Eastern District of Pennsylvania, the Third Circuit Court of Appeals, and the Pennsylvania Supreme Court) have denied Appellant's requests for relief. **See Bush v. Platt**, **et al**., 54 MM 2021 (Pa. July 20, 2021) (denying, *inter alia*, Appellant's "Application of Either Extraordinary Jurisdiction or King's Bench Power"); **Bush v. Chotkowski**, **et al**., C.A. No. 20-2099 (3rd Cir. March 11, 2021) (finding "no substantial question is presented on appeal"); **Bush v. Chotkowski**, **et al**., 2:20-cv-00774-GEKP (U.S. Dist. E.D., May 5, 2020) (dismissing Appellant's complaint for failure to state a claim).

Rule 233.1 was created to address the abuse of the legal system by *pro se* litigants "repeatedly filing new litigation raising the same claims against the same defendant even though the claims have been previously adjudicated either through settlement or through court proceedings." Comment to Rule 233.1. Rule 233.1 provides accountability for *pro se* litigants that are not subject to disciplinary procedures that govern attorneys in the practice of law. "The Rule operates to spare potential defendants the need to defend spurious claims, first, by allowing the expeditious dismissal of duplicative *pro se* actions and, second, by empowering the trial court to ban the *pro se* litigant's commencement of further actions against such defendants." **Gray v. Buonopane**, 53 A.3d 829, 835 (Pa.Super. 2012).

We agree with the trial court's conclusion that Rule 233.1 prohibits the repetitive *pro se* litigation in which Appellant has engaged in this case and in prior frivolous lawsuits in state and federal court. As a result, we conclude that the trial court did not err in dismissing Appellant's complaint with prejudice and prohibiting Appellant from pursuing additional *pro se* litigation of this matter without leave of court.

Further, as Appellant has repeatedly engaged Appellees in unwarranted, frivolous, and abusive litigation which state and federal courts have clearly found has no merit, we find it appropriate to award all Appellees attorneys' fees pursuant to Pa.R.A.P. 2744, which provides:

> [i]n addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including
>
>> (1) a reasonable counsel fee and
>>
>> (2) damages for delay at the rate of 6% per annum in addition to legal interest,
>
> if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.

Pa.R.A.P. 2744. **See *Winpenny v. Winpenny***, 775 A.2d 815, 818 (Pa.Super. 2001) (finding the appellant's habitual insistence on raising previously litigated issues warranted the imposition of sanctions under Rule 2744).

Given Appellant's abuse of the court system by filing her repetitive, dilatory, obdurate and vexatious claims against Appellees, we impose

attorneys' fees under Rule 2744 to deter Appellant from filing similar frivolous and vexatious litigation in the future.

Order affirmed. Case remanded for a hearing on the sole and exclusive question of the assessment of counsel fees consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/7/2023